Matson v. Frazer.

ENOCH G. MATSON, Respondent, v. RUTH A. FRAZER, Executrix of GEORGE E. FRAZER, Appellant.

St. Louis Court of Appeals, February 23, 1892.

1. **Practice, Appellate :** EXCEPTIONS TO RULINGS ON EVIDENCE. The rulings of the trial court on the admission of evidence cannot be reviewed on appeal, if no exceptions thereto were saved by the appellant.

2. ——— : INSTRUCTIONS : NON-PREJUDICIAL ERROR. When a cause is tried by the court sitting as a jury, and all the facts in support of the issues therein are specially found and embodied in the record, instructions have no office to perform on the appeal of the cause, the judgment being then a conclusion of law on the facts found. And a judgment will not be reversed for error in the refusal of an instruction, when a special finding is contrary to the facts on which it is predicated, the error not being prejudicial.

3. ——— : PRESUMPTIONS. He who complains of error must show it. Accordingly, when an appellant bases a contention on the theory that a special finding of facts was not a finding on all the issues, it is incumbent to embody the entire findings in the record.

4. ——— : ———. But where, as a part of its findings, the trial court adopts the findings of another court in another proceeding, and the record does not contain the findings so adopted. the presumption can only be that such findings covered matters which were properly before such other court.

.5. **Instructions not Warranted by the Pleadings.** Though instructions are warranted by the evidence, it is good ground for the refusal of them, that they are not based upon issues made by the pleadings in the cause.

*Appeal from the Marion Circuit Court.*—HON. THOS. H. BACON, Judge.

AFFIRMED.

*Geo. W. Whitecotton* and *Elijah Robinson,* for appellant.

*W M. Boulware, John Megown* and *Reuben F. Roy,* for respondent.

ROMBAUER, P. J.—The plaintiff brings this action, claiming that he and the defendant borrowed jointly a certain sum from the Ralls County Bank, that the bank obtained judgment for the amount against them jointly, and that he has paid and satisfied this judgment; and he now seeks to recover from the defendant one-half of the amount thus expended. Upon the trial of the cause before the court without a jury the plaintiff recovered judgment for $557.10, the court finding that, as to the residue of his claim, the plaintiff had been reimbursed out of the assets of Thomas H. Frazer's estate. The defendant asked a number of instructions, which the court refused. The court made a special finding of facts. Since the appeal was taken the defendant Frazer died, and his executrix was substituted as defendant in the case.

The defendant, appealing, assigns for error the admission of incompetent evidence against him, and the refusal of his instructions. Whether the second error is well assigned depends entirely on the character of the pleadings and evidence, and on the further question whether the special finding of the court covers all the issues presented. It, therefore, becomes necessary to

give in this opinion a substance of the pleadings, and to insert the court's finding in full.

Plaintiff's petition alleged that he and the defendant, on December 8, 1880, borrowed from the Ralls County Bank $3,675.50, and executed to said bank their joint note therefor; that afterwards he made payments on said note and a renewal thereof, and on a judgment which had been rendered on said renewal note against himself and the defendant jointly, until he paid the same in full; that defendant paid no part of said note; that, by reason of his having paid said note and interest, it became the duty of the defendant to repay to him one-half of the amount by him so paid out; and that in consideration of the premises the defendant promised to pay him one-half of each and every amount so by him paid out, but failed to do so, to his damage in the sum of $3,000, for which he asks judgment.

The answer of defendant says it is true that he and said plaintiff did, on or about the eighth day of December, 1885, execute and deliver to the Ralls County Bank their note for the sum of thirty-seven hundred and fifty dollars ($3,750), but denies that they borrowed on their joint account from said bank the money for which said note was given, but, on the contrary, says that said money was borrowed by said plaintiff for his own use and benefit, and that the plaintiff signed said note for his own use and benefit, and that he, the defendant, signed said note as surety for said plaintiff, and in no other capacity.

Defendant further says that, so far as he is advised, it is true that plaintiff made payments on said note, as in his said petition stated, and also true that, on the seventh day of June, 1882, he and plaintiff executed to the Ralls County Bank, in renewal of said first-mentioned note, another note for the sum of thirty-seven hundred and fifty dollars ($3,750), but he says that said plaintiff signed said note as principal, and this defendant

signed the same as security, and in no other capacity. Defendant further says that he is informed, and believes, that plaintiff made payments on said note, as in his petition stated, and that said Ralls County Bank obtained judgment thereon, and plaintiff paid said judgment, as set forth in his petition; but the defendant denies that it was his duty to pay any part of said note, or the judgment rendered thereon, and denies that he is indebted to the plaintiff in any sum whatever by reason of any payments made by the plaintiff on account of said note or judgment; and he denies that he, at any time, promised to pay plaintiff any sum whatever on account of the payments made by the plaintiff as aforesaid.

"Defendant, further answering, says that heretofore, to-wit, on the twentieth day of February, 1877, the said plaintiff borrowed from the county court of Ralls county the sum of $3,000, which belonged to a fund assessed, levied and collected to pay the interest on what was known as the railroad bonds of said county, and executed his note to said county therefor, with this defendant and Thomas H. Frazer, who was a son of this defendant and a son-in-law of said plaintiff, as sureties thereon; and also to secure said note gave a mortgage to said county on the following described real estate (describing it).

"That afterwards, to-wit, on the twelfth day of February, 1878, the said plaintiff conveyed the said real estate to said Thomas H. Frazer and his wife, Athalia Frazer, vesting the title in them as joint tenants, subject to the aforesaid mortgage; that afterwards, to-wit, on the third day of September, 1878, the said plaintiff, in renewal of said first note to said county, executed another note for the sum of $3,283.40 with this defendant and Thomas H. Frazer sureties thereon, and that to secure said last-mentioned note said Thomas H. Frazer and Athalia Frazer, his wife,

executed to said county a mortgage on said real estate, hereinbefore described, which real estate was, at all the dates in this answer mentioned, of value largely in excess of the amount of said note to said Ralls county; that, shortly after the execution of said mortgage by said Thomas H. Frazer and Athalia Frazer, the said Thomas H. Frazer died, and the title to said real estate thereupon vested in said Athalia Frazer, subject to the incumbrance of said mortgage; and that said plaintiff was duly appointed and qualified as administrator of said Thomas H. Frazer's estate.

"That afterwards, to-wit, on the —— day of —— 18—, the said plaintiff was summoned as garnishee on a judgment which had been rendered against said Ralls county on said railroad bonds, and such proceedings were had, as resulted in a judgment being rendered by the circuit court of the United States for the eastern district of Missouri against said plaintiff for the sum of $——, and that the plaintiff borrowed said money from said Ralls County Bank for the purpose of paying said judgment, so rendered against him as aforesaid, and did actually use the same for that purpose.

"Defendant further says that the said plaintiff caused said note, so executed to said Ralls county, to be allowed as a claim against the estate of said Thomas H. Frazer, and that the same has been paid to said plaintiff by said estate.

"He further says that he is informed that said plaintiff now claims that said money was borrowed from said Ralls county by said Thomas H. Frazer, and that he, and not plaintiff, was the principal in said note given to said county.

"And defendant says, if that be true, the said plaintiff was, by reason of having paid said judgment of said United States circuit court, subrogated to the rights of said county in said mortgage made by said Thomas H. Frazer and Athalia Frazer, and could have subjected the same to the payment of the amount paid by him, as

aforesaid, but that, instead of doing so, the said plaintiff caused satisfaction of said mortgage to be entered by the county court of said county; and that by reason thereof the said plaintiff ought to be estopped from asserting any claim against this defendant on account of the payments made by him, as in his petition stated."

The plaintiff filed a reply denying the facts stated in the answer and stating the true facts as claimed by him. The following new facts stated in the reply are material as bearing upon the issues finally tried:

"The plaintiff, for reply to the amended answer of the defendant herein, admits that the plaintiff executed a bond to Ralls county, Missouri, in which the plaintiff appeared as principal, and the defendant and one Thomas H. Frazer appeared as securities, but the plaintiff states, and charges the fact to be, that the money mentioned in said bond was borrowed by the said Thomas H. Frazer from said Ralls county for his sole benefit, and that the said Thomas H. Frazer was the real principal in said bond, and was so understood to be such principal by both the plaintiff and defendant, and by the said county of Ralls, and that the plaintiff and defendant were in truth the sureties for said Thomas H. Frazer in said bond.

"Plaintiff admits the execution of said renewal bond in lieu of said former bond, and that said renewal bond was secured by a mortgage on real estate. The plaintiff admits that the real estate described in mortgage, and given for the purpose of securing said bond, was not sold or applied to the payment of said bond, but was by Ralls county released on the margin thereof. * * *

"Plaintiff denies that he, the said plaintiff, individually borrowed said money from the Ralls County Bank, but avers that he and the defendant, recognizing the said debt as the debt of said Thomas H. Frazer, and for the purpose of preserving the real estate described in said mortgage from sale, agreed by and between

themselves that they would jointly borrow the said money from the said Ralls County Bank, and pay off said judgment and bond, and the plaintiff and defendant further agreed that they would jointly pay said note to the Ralls County Bank, and that they should be reimbursed for said payment to the amount of the assets of said estate applicable to the payment of said bond. Plaintiff admits that Thomas H. Frazer and his wife, Athalia Frazer, were owners, as joint tenants, of the real estate described in said mortgage, and that the plaintiff was appointed administrator of the estate of said Thomas H. Frazer."

The court made the following special finding: "In the above-entitled cause the court finds that both parties signed the $2,000 note in question, as sureties for the estate of Thomas H. Frazer, deceased, with the intention and agreement that both should equally protect said estate from the judgment of the federal court, and, when the Thomas H. Frazer estate was finally settled, both should be reimbursed as far as the assets would apply.

"But the Ralls County Bank, as holder of the $2,000 note in question, sued Enoch G. Matson alone on the $2,000 note in question, and obtained judgment against Enoch G. Matson alone thereon, and collected the entire sum from Enoch G. Matson, and thereupon Enoch G. Matson succeeded to the original actionable rights of the Ralls County Bank against George E. Frazer on said $2,000 note to the extent of enforcing an equal distribution. The findings of the Ralls county court in its entry of judgment of final settlement of administration of Enoch G. Matson as administrator of said Thomas H. Frazer, deceased, are adopted, and also the finding of the court, as introduced and read in evidence, in words and figures as follows:

(The paper referred to here is not in the record, and there is nothing to show what the finding of the county

court was on the subject referred to, which the circuit court adopted as its own finding.)

"The court finds that plaintiff is entitled to recover of defendant one-half of the balance due plaintiff on said final settlement, with interest on said half at the rate of six per cent. per annum from the date of institution of this suit.

"All the refused instructions are found to be not applicable to the case made, and they are for that reason alone refused; the refused instructions are, in the abstract, good law."

Touching the defendant's first assignment it will suffice to say that the record fails to show that any exceptions were saved to the ruling of the court in admitting the evidence complained of. The record shows that the deposition of one Caldwell was offered in evidence by plaintiff. On the margin of the copy of the deposition inserted in the record, opposite to certain questions propounded, the words objected to appear, and in one instance a special objection. Below the objections thus marked appears the word overruled, and that is all. It does not appear whether these objections were made when the deposition was taken, or when the deposition was read. Nor does it appear when the objections made were overruled, and by whom. Nor does it appear that any exceptions were saved to the ruling. That assignment of error, therefore, presents nothing for our consideration. *Smith v. Haley*, 41 Mo. App. 612, 613; *Griffith v. Hanks*, 91 Mo. 109; *State v. Hope*, 100 Mo. 347.

When a cause is tried by the court sitting as a jury, instructions or declarations of law perform no other office than to advise the appellate court of the view of the law which the trial court took as applicable to the facts found, so as to enable the appellate court to review errors of law which the trial court may have committed. *Cook v. Farrah*, 105 Mo. 492, 508. Where all the facts in support of all the issues presented are specially

found by the trial court, and embodied in the record, instructions have no office to perform, because the judgment on conceded facts is always a conclusion of law, and, where facts are controverted, the finding of facts by the court on substantial evidence, one way or the other, places them in the same position as conceded facts. *Hamilton v. Boggess*, 63 Mo. 233, 251. The accuracy of this proposition is not disputed by the appellant, but the claim is made, and properly made, that, in order to have such effect, a special finding by the court should be a special finding on all the issues made by the pleadings and evidence, and it is claimed that the finding herein is only a partial finding. In the case at bar, the circuit court adopted the finding of the Ralls county court on certain propositions as its own. That finding was in writing, and, in support of the judgment, we are bound to assume that it covered all such issues as were not otherwise specially found by the circuit court, and could have been contained in the finding of the county court. He who complains of error must show it. It was incumbent upon the appellant to embody in the record the finding of the county court, since the finding of that court formed part of the finding of the circuit court also, if the appellant intended to get the full benefit of the objection now made.

On the other hand it may be said that we cannot presume, even in support of the judgment, that the finding of the county court covered more than matters which were properly before that court, hence such of the declarations of law, asked by the defendant, as are applicable to issues which are neither covered by the finding of the circuit court, nor could be properly covered by the finding of the county court, are still before us for review.

This observation has reference to the defendant's first and sixth instructions, which are as follows: "1. If the court, sitting as a jury, believes from the

testimony in the case that plaintiff paid off the indebt-
edness to Ralls county, and that at the time of such
payment it was agreed by and between plaintiff and
defendant that, upon a final settlement of the estate of
said T. H. Frazer, if there should be any insufficiency
of assets to pay the indebtedness of said estate, that
said defendant should repay to plaintiff one-half of the
deficiency on said Ralls county debt, and if this suit
was instituted before any final settlement of said estate
was had, then the plaintiff cannot recover, and the
verdict will be for the defendant."

"6.  The court declares the law to be that, if the
notes executed to Ralls county by the plaintiff, E. G.
Matson, T. H. Frazer and Geo. E. Frazer, and secured
by mortgage executed by said T. H. Frazer and his
wife, were given for the debt of said T. H. Frazer, and
if the plaintiff Matson knew that said notes were exe-
cuted for the debt of said T. H. Frazer, and if said
Matson, after his appointment as administrator of the
estate of T. H. Frazer, paid off said indebtedness to
Ralls county by paying a judgment rendered by the
United States circuit court for the eastern district of
Missouri, and after paying off said indebtedness the
said Matson, without the consent of the said defendant,
Geo. E. Frazer, caused satisfaction of said mortgage to
be acknowledged by the county court of Ralls county,
and if the real estate by which said indebtedness was
secured was at that time sufficient in value to pay said
indebtedness, then the plaintiff is not entitled to recover,
and the verdict will be for defendant."

By examining the answer which is set out in full
above, it will appear that the defendant interposes the
following defenses, and no others:  *First*, that plain-
tiff was the principal in the transaction stated, and he,
the defendant, was only surety, and, therefore, if the
plaintiff paid the debt he did no more than it was his
duty to do.  *Second*, that the note had been exhibited

as a claim against the estate of T. H. Frazer, and had fully been paid out of the assets of said estate. *Third,* that the real-estate security pledged for the payment of the note was sufficient to pay the indebtedness, and the plaintiff by releasing that security discharged the defendant in any event. The claim advanced by the first instruction, that there was an agreement between the plaintiff and the defendant, that the defendant should repay to the plaintiff one-half of the deficiency on said Ralls county debt only after the final settlement of the estate of T. H. Frazer, is not set up in the answer. Had such claim been set up, plaintiff might have moved to strike it out for inconsistency ; because an unqualified denial of any promise to pay, or of any liability, and an assertion of a promise to pay on certain conditions only, are inconsistent even under our liberal code, since both cannot possibly be true *in point of fact.* Instructions must be applicable to the *pleadings and evidence,* and it is not sufficient that there is evidence to support them, when there is no issue under the pleadings to which they are applicable. This disposes of the error assigned for refusing the first instruction.

The sixth instruction, however, stands upon a different footing. The facts, hypothetically stated in that instruction, are stated in the defendant's answer, and constitute one of the defenses relied on. The plaintiff in his reply admits that the real estate described in the mortgage, and given for the purpose of securing said bond, was not sold or applied to the payment of said bond, but was by Ralls county released on the margin thereof. The reply by way of avoidance states that the money was borrowed from the Ralls County Bank by the plaintiffs and defendant jointly, for the purpose of paying off the bond to the county, and thus preserving the estate to the Frazers, husband and wife ; but new matter set up in the reply is supposed to be denied, as our code recognizes no further

pleading. There was evidence to support the affirmative allegation of the reply, and the court does specially find that "the money was borrowed from the bank by the plaintiff and defendant for the purpose *that both should equally protect the estate from the judgment of the federal court*, and, when the Thomas H. Frazer estate should be finally settled, both should be reimbursed as far as the assets would apply." This finding seems to be inconsistent with the claim advanced by defendant, that the security of the mortgage which the county held was not to be released by consent when the debt was paid, and certainly seems to be equivalent to a finding that the affirmative statement of the reply, that the money was borrowed *for paying off the bond* to the county, was true. If the money was borrowed for paying off a debt, the security incident to the debt was necessarily released, and the defendant has no right to complain of the plaintiff's act in consenting to the release of the security. This view of the court's finding is the only one which can explain the statement contained therein that, while the refused instructions are good law in the abstract, they are not applicable to the case made. The defendant's sixth instruction is good law, and covers an issue made by the pleadings. It was apparently refused on the ground that the court, having found the facts contrary to their hypothetical statement in the instruction, felt justified in refusing it. This was technical error. The court should have given the instruction, if there was any substantial evidence to support it. The correctness of instructions cannot be determined by the weight of the evidence. At the same time, there is nothing to show that the refusal of the instruction was prejudicial error, because it is evident that the court would have reached the same result, if it had given the instruction. As we are warranted in reversing judgments for prejudicial error only, we are not inclined to reverse the judgment on the sole ground

that the court committed error in refusing this instruction.

Judgment affirmed.   Judge THOMPSON concurs. Judge BIGGS, having been of counsel in this case, does not participate in the decision.