JOHN W. DEAN, Respondent, v. THE OMAHA & ST. LOUIS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 6, 1893.

Railroads: KILLING STOCK: ADJOINING PROPRIETOR. A railroad cannot, in an action for killing stock, avail itself of the fact that the stock came upon its right of way, over the premises of an adjoining proprietor, unless such premises were enclosed by a lawful fence.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Theodore Sheldon*, for appellant.

(1) Plaintiff, being not an adjoining nor next adjoining land owner, and his cattle being in Campbell's corn-field without license, is not within the class of persons protected by the double damage act. *Ells v. Railroad*, 55 Mo. 278; *Ferris v. Railroad*, 30 Mo. App. 122; *Berry v. Railroad*, 65 Mo. 172; *Harrington v. Railroad*, 71 Mo. 384; *Johnson v. Railroad*, 80 Mo. 620; *Peddicord v. Railroad*, 85 Mo. 160; *Carpenter v. Railroad*, 25 Mo. App. 110; *Smith v. Railroad*, 25 Mo. App. 113. (2) Campbell, not plaintiff, was the adjoining proprietor. *Johnson v. Hoffman*, 53 Mo. 504; *Donnell v. Harshe*, 67 Mo. 170; *Linderbower v. Bently*, 86 Mo. 515; *Hamerick v. Castleman*, 23 Mo. App. 481.

*E. A. Vinsonhaler* for respondent.

The second point is without merit, as shown by the authorities cited to sustain it. The adjoining field from which the cattle came upon the defendant's road, although cultivated, *was not enclosed*. The cattle

escaped from plaintiff's pasture over a fence that
Campbell says was poor.  It was not a lawful fence.
From that point there was no fence, no obstruction,
until they reached the railroad.  Even conceding that
Campbell was in exclusive possession of the corn field,
yet it was not enclosed.  There was no fence around
it.  The Ferris case has no application here.  *Board v.
Railroad*, 36 Mo. App. 151, 153; *Jackson v. Railroad*, 43
Mo. App. 324; *Young v. Railroad*, 39 Mo. App. 52–56;
*Duke v. Railroad*, 39 Mo. App. 105–109; *Emerson v.
Railroad*, 35 Mo. App. 622–629; *Peddicord v. Railroad*,
85 Mo. 160.

This, I think, disposes of the second and third
points.

GILL, J.—This is a suit for double damages under
Section 2611, Revised Statutes, 1889, wherein it is
charged that defendant railway company failed to
maintain a lawful fence along its tracks where the
same passed through plaintiff's farm, and by reason
thereof, twelve head of cattle owned by him escaped
on to the defendant's right of way and were run over
and killed by its engine and cars.  Plaintiff recovered
below in the sum of $768.00, double the value of the
stock killed, and the defendant has appealed.

I. Defendant's main contention  here is,  that
plaintiff ought not to recover on the evidence because
he is not shown to be such an  adjoining  proprietor
as was intended to be protected by the statute.  The
facts, as disclosed by the evidence, are these:  Plain-
tiff's farm lies along the line of defendant's road and
on both sides thereof.  The course of the railroad
is from south to north, leaving about fifteen acres
east of the railroad and some one hundred and fifty
acres on the west side of defendant's right of way.
That lying on the west was used as a pasture, while

the fifteen àcres east of the railroad was cultivated in corn by one Campbell as Dean's tenant. Along the northern boundary of Dean's farm, bordering the fifteen acres as well as the pasture, there was a public road running east and west. The cattle escaped in the nighttime from the pasture; went upon the public road, thence east across the railroad until they got to the fifteen acre tract; here they left the wagon road and passed through the said fifteen acres and on to the defendant's right of way where they we₁e run over and killed by a passing train. The evidence satisfactorily shows that Campbell's corn field through which the cattle passed on to the railroad was unfenced; and it was quite as clearly proved that defendant's fence next to said corn field was badly out of repair and wholly unfit to turn stock. The cattle passed on to the right of way over an old broken-down gate, or over the dilapidated inferior fence—which, it is not certain, nor is it material.

Now the point is made, as already suggested, that as Dean had rented the land east of the railroad to Campbell he was as to it a stranger, was not its proprietor; and, invoking the rule announced in some of the cases that the statute is intended for the protection of the adjoining proprietor, it is claimed that Dean cannot recover. But the position of the learned counsel is not maintainable under the facts of this case. Assuming that Campbell and not Dean was the adjoining proprietor of the land from which the cattle went upon the track and yet there is no defence to this action. If the land east of the railroad and over which the cattle passed had been enclosed by a lawful fence, then as to outside third parties it would be immaterial whether or not the railroad had fenced its right of way, for under such circumstances the fence of the adjoining proprietor would as to outside parties stand in lieu of a

fence by the railroad company. If however the company failed to maintain a proper fence along its right of way where it passes through the lands of an adjoining proprietor, "they omit so to do at their peril, if the field be not enclosed with a lawful fence and cattle get into the field and from the field go upon the road and are killed by a passing train." *Berry v. Railroad*, 65 Mo. 175, 176. The above distinction is clearly made by numerous decisions in this state. *Emmerson v. Railroad*, 35 Mo. App. 629; *Duke v. Railroad*, 39 Mo. App. 107; *Board v. Railroad*, 36 Mo. App. 153; *Jackson v. Railroad*, 43 Mo. App. 325.

Other points in counsel's brief have been considered but we find in none of them any substantial reason for reversing this judgment. The instructions properly declared the law of the case, and under the facts as they were found by the jury, the judgment was clearly for the right party and will be affirmed. All concur.