PHILLIPS, Respondent, v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, May 10, 1904.**

**RAILROADS: Fences: Double Damages: Adjoining Proprietors.** Where plaintiff had a field on which a crop was growing, inclosed by the same fence, a lawful one that inclosed the field of a neighbor adjoining, and the defendant, a railway company, in building its line adjacent the neighbor's field, threw down the fence without constructing a fence along the right-of-way, and cattle came through the opening and destroyed plaintiff's corn, though his land was not contiguous to the right-of-way, he could recover double the damages sustained thereby, under section 1105, Revised Statutes of 1899.

Appeal from New Madrid Circuit Court.—*Hon. H. C. Riley,* Judge.

Action for double damages, appeal from judgment in favor of plaintiff.

AFFIRMED.

*Moses Whybark* and *M. A. Dempsey* for appellant.

(1) The statute relied upon is penal and the burden lay upon the plaintiff to bring himself clearly within the statute, both as to his cause of action and the amount of damages for which a penalty was claimed. Penal statutes must be strictly construed. Nanz v. Railroad, 87 Mo. 280; Fusz v. Spaunhorst, 67 Mo. 256; Kreitzer v. Woodson, 19 Mo. 327; Howell v. Stuart, 54 Mo. 400.

(2)   At common law it is the duty of the owner of cattle
to fence them in.   Under our statute it is the duty of
the owner of land to fence them out and the cattle owner
is not liable for trespass by his cattle unless they break
through a lawful enclosure.   Bradford v. Floyd, 80 Mo.
211; Gorman v. Railroad, 26 Mo. 445.    (3)   Section
1105, article 2, chapter 12, requires a railroad to fence
the right-of-way ''where the same passes through, along
or adjoining enclosed or cultivated fields or uninclosed
lands.''   The statute is for the benefit of the adjoining
owner and not for the benefit of strangers or owners of
land not adjoining the right-of-way.   Berry v. Railroad,
65 Mo. 175; Harrison v. Railroad, 71 Mo. 384; Ped-
dicord v. Railroad, 85 Mo. 160; Busby v. Railroad, 81
Mo. 43: Ferris v. Railroad, 30 Mo. App. 122; Ackley v.
Railroad, 30 Mo. App. 657; Carpenter v. Railroad, 25
Mo. App. 110.

*J. V. Conran* for respondent.

Jackson v. Railroad, 43 Mo. App. 324; Trice v. Rail-
road, 49 Mo. 438; Kingsbury v. Railroad, 156 Mo. 388;
Dean v. Railroad, 54 Mo. App. 647.

GOODE, J.—Plaintiff had a field on which a crop
of corn was growing, inclosed by the same fence that
inclosed the field of his neighbor.   The neighbor's field
lay between him and the railway company's right-of-
way.    The fence around the inclosure was good and
sufficient; was, in fact, a lawful fence.   When the rail-
way company built its line, its servants threw down the
fencing at various points and left it down without con-
structing cattle guards or fencing along its right-of-
way.   The consequence was that stock got in through
the openings and destroyed plaintiff's crop.   Plaintiff
sued for damages and obtained judgment.

The only contention made here that demands atten-
tion is that as plaintiff's land does not adjoin the rail-
way company's right-of-way, he is not within the pro-

tection of the double damage statute. The rule of law that the statute requiring railway companies to fence their track under penalty of responding in double damages to those who sustain injury by their failure to do so, enures only to the benefit of adjoining proprietors and that a landowner who is not an adjoining proprietor can not recover on the statute from a railway company, has no application except when there is a lawful fence between the lands of the plaintiff (he not being an adjoining proprietor) and the land of his neighbor, which is contiguous to the right-of-way. If the plaintiff's land is not separated from the land which adjoins the railway company's right-of-way by a lawful fence, or if there is no lawful fence between his land and the right-of-way, he may recover double damages from the company for failure to fence. Berry v. Railroad, 65 Mo. 172; Peddicord v. Railroad, 85 Mo. 160; Dean v. Railroad, 54 Mo. App. 647; Emerson v. Railroad, 35 Mo. App. 629; Bord v. Railroad, 36 Mo. App. 153; Jackson v. Railroad, 43 Mo. 325.

In Berry v. Railway, 65 Mo. 172, the plaintiff's animal went into the field of one Conger through which a railroad track passed, and from thence through a gap onto the right-of-way, where it was killed by a train. The contention was made that Berry could not recover because his land was not adjacent to the right-of-way. It was held that the statute requiring railway companies to fence was primarily for the benefit of adjoining proprietors and that the cattle of a stranger which were on the premises of an adjoining proprietor without right, were not protected. It was held further that if the field adjacent to the railroad was sufficiently fenced, that was all the protection strangers were entitled to and as to them railway companies need not build a fence in that contingency. That case requires the field to be sufficiently fenced and such fence as between strangers and the railway conmpany satisfies the statute and relieves

the company from fencing its right-of-way. It was said in Peddicord v. Railroad, supra.

"That if a railway company owns a road running through the inclosed and cultivated fields of A and does not have its road fenced as the law directs, it will not be liable for damages done to the cow of B, provided the fence along A's field was a lawful fence. That, notwithstanding B's cow got onto the company's track from A's field where there was no fence between it and the railroad track, yet B could not recover unless he should show by the evidence that the outside fence around A's field was not a lawful fence at the place where his cow entered A's field."

Peddicord was denied a recovery solely because there was no evidence to show there was not a lawful fence between his land and that of the adjoining proprietor.

Dean v. Railway, 54 Mo. App. 647, is a case precisely like this in its material facts. Dean's cattle got out of his field and went through a field of Campbell, whose land adjoined the railway company's right-of-way, and was killed by an engine on the track. It was claimed the judgment was wrong because the statute was only intended for the protection of adjoining proprietors and Dean could not recover. The opinion says:

"Assuming that Campbell and not Dean was the adjoining proprietor of the land from which the cattle went upon the track and yet there is no defense to this action. If the land east of the railroad and over which the cattle passed had been inclosed by a lawful fence, then as to outside third parties it would be immaterial whether or not the railroad had fenced its right-of-way; for under such circumstnces the fence of the adjoining proprietor would, as to outside parties, stand in lieu of a fence by the railroad company. If, however, the company failed to maintain a proper fence along its right-of-way where it passes through the lands of an adjoin-

ing proprietor, 'they may omit to do so at their peril, if the field be not inclosed with a lawful fence and cattle get into the field and from the field go upon the road and are killed by a passing train.' ''

Now in the case at bar, instead of the plaintiff's field and his neighbor Lewis's being separated by a lawful fence, there was no fence between them. Lewis's land ran up to the right-of-way and was enclosed by a lawful fence. Plaintiff's field was two hundred and twenty yards west of the railroad and contiguous to Lewis's field. Under these circumstances the railroad company was clearly liable for the damage done to plaintiff's corn crop by the cattle which got into the inclosure on account of its tearing down the fence around it and adjacent to the right-of-way; thus leaving plaintiff's field exposed, whereas, before it was protected. The railway company after that had an unfenced right-of-way and was liable to Lewis or the plaintiff.

The cases above cited were all for killing stock; but the statute (section 1105) makes a railroad company liable in double damages not only for stock killed, but damage ''done by reason of any horses, cattle, mules or other animals escaping from or coming upon said lands, fields or inclosures, occasioned in either case by the failure to construct or maintain such fences or cattle-guards.''

Judgment is affirmed. *Bland. P. J.*, and *Reyburn, J.*, concur.