JOHN OTH, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals.   Argued and Submitted November 7, 1911.   Opinion Filed January 9, 1912.

1. **LANDLORD AND TENANT: Railroads: Side Track: Tenancy at Will.** A person who had leased a side track leading from a railroad to his quarry, on the expiration of his lease requested the railroad company to give him another lease for three years. A lease of this kind after being signed by him was returned to the officers of the railroad company for signature, but was not signed by them. The tenant, on signing the lease, paid the agent of the railroad company the rent reserved therein for a year. Two months thereafter, he was advised that the railroad company had decided not to renew the lease, and, in a short time, the latter removed the track. The rent paid not having been returned, the tenant brought an action for the breach of a lease for a year. *Held*, there was no lease for a year, but merely a tenancy at will, under the theory that such

Oth v. Railroad.

a tenancy is created by the tenant's holding over after the expiration of his term, by permission of the landlord, pending negotiations between them for a renewal of the lease; and such tenancy was terminable on one month's notice in writing, as provided by section 7883, Revised Statutes 1909.

2. ———: ———: ———: ———: **Pleading: Proof: Variance.** In such a case, where the petition counted on the breach of a lease for a year, it was error to allow a recovery under proof of a tenancy at will, there being, under these facts, a failure of proof and not merely a variance.

3. **TRIAL PRACTICE: Instructions: Submitting Case on Wrong Theory: Waiver.** Where the defendant does all in his power to keep the case within the issues made by the pleadings and saves his exception to the action of the court in overruling his objections and in refusing to pursue this course, he does not waive the error in instructions, which depart from the issues, by asking instructions on the same theory, since this position was forced on him by the action of the court.

4. **VARIANCE: Failure of Proof.** Where an action is unproved, not in some particulars only, but its entire scope and meaning, it is deemed a failure of proof and not a variance.

5. **RAILROADS: Lease of Side Track: Action for Breach: Excessiveness of Verdict: Damages.** In an action for breach of a lease for one year, of a side track leading from defendant's railroad to plaintiff's quarry, where the tenancy was really a tenancy at will, *held* that a verdict for $4500 was excessive.

6. **LANDLORD AND TENANT: Breach of Lease: Damages.** Where a lessee of premises for business purposes has been evicted and his business broken up by the unlawful acts of the landlord, the prospective profits of his business for the remainder of the term constitute a proper item of damages.

7. **STATUTE OF FRAUDS: Lease of Real Property.** Where, in an action against a landlord for breach of a lease, the petition averred a contract for a lease for the year 1906 and the payment of rent on January 17, 1906, it did not show on its face a contract void under the Statute of Frauds.

Appeal from St. Charles Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. L. Minnis* and *N. S. Brown* for appellant.

(1) The demurrer of defendant to plaintiff's petition should have been sustained, because: (a) The transactions pleaded between plaintiff and defendant's station agent Steed, on January 17, 1906, do not, in law, create a contract. Versteeg v. Fruit Co., 138 S. W. 901; Clemens v. Bloomfield, 19 Mo. 118; Batavia v. Railroad, 126 Mo. App. 13; Service Co. v. Drug Co., 148 Mo. App. 327. (b) Any purported contract arising out of said transactions is within the Statute of Frauds. Chambers v. Le Compte, 9 Mo. 575; Lydick v. Holland, 83 Mo. 703; Sharp v. Rhiel, 55 Mo. 97; Biest v. Shoe Co., 97 Mo. App. 137; Reigart v. Coal Co., 217 Mo. 142; Johnson v. Reading, 36 Mo. App. 306; Nally v. Reading, 107 Mo. 350; R. S. 1909, sec. 7884. (2) Instruction No. 1 given by the court of its own motion is erroneous, for the following reasons: (a) The mere existence of the facts detailed in the instruction does not, as a matter of law, create a tenancy at will. (b) Because the instruction attempts to instruct the jury on the measure of damages, but fails to limit the recovery to such damages as were suffered by the plaintiff through a period of thirty days from April 24, 1906, on which date plaintiff admits having received the written notice of termination. R. S. 1909, sec. 7884; Jones, Landlord & Tenant, sec. 221; 18 Am. & Eng. Ency. Law, 177; 18 Am. & Eng. Ency. Law, 185; Jefferson v. Ummelmann, 56 Mo. App. 440; Rays v. Blackman, 120 Mo. App. 497; Railroad v. Ferry Co., 82 Ill. 230.

*Geo. S. Grover* and *T. C. Bruere* for respondent.

(1) The demurrer to the petition was properly overruled by the learned judge below. (a) Because the transaction between respondent and appellant's station agent, Steed, as alleged in the petition, on Jan-

uary 17, 1906, does in law, create a contract. (b) Because said alleged contract is not within the statute of frauds, and is valid at common law. R. S. 1909, sec. 2783; Finney v. St. Louis, 39 Mo. 177; Grant v. White, 42 Mo. 289; Hammon v. Douglas, 50 Mo. 437; Railroad v. Ludwig, 6 Mo. App. 584; Ray v. Blackman, 120 Mo. App. 497; McQuinn v. Logue, 143 Mo. App. 235; Hoover Rhodes & Co. v. Oil Co., 41 Mo. App. 317; Withnell v. Petzold, 17 Mo. App. 673; Lohman v. Nolting, 56 Mo. App. 549. (2) Even if the contract of January 17, 1906, here sued on, was not authorized by appellant, it is expressly alleged and proved here, that it was fully ratified by it, by the acceptance and appropriation to its own use of the rental paid by respondent, to appellant, after full knowledge of the nature of said payment. Such agreement is therefore binding upon appellant, and it is estopped here from either attacking it or denying its validity. Kirkpatrick v. Pease, 202 Mo. 471; Hoover Rhodes & Co. v. Oil Co., 4 Mo. App. 317; Welsh v. Brewing Co., 47 Mo. App. 613; Adv. Co. v. Wanamaker, 115 Mo. App. 279; Parsons v. Ins. Co., 64 Mo. App. 35; Ferguson v. Transfer Co., 79 Mo. App. 360.

REYNOLDS, P. J.—This is an action by plaintiff for damages claimed to have arisen in his favor and against defendant by reason of the latter, without due and lawful notice to plaintiff, and long prior to the termination of a lease which he claimed he had, wrongfully and unlawfully ousting plaintiff from the possession of the demised premises, those premises consisting of a switch or side track at Elm Point on defendant's railroad. Plaintiff placed his damages at $12,000. It is averred in the petition that for a number of years plaintiff had been operating a quarry at Elm Point in St. Charles county and engaged in the quarrying and crushing of limestone and shipping the product out from there over this side track to various

points of distribution. It is also averred that for many years prior to the institution of this action defendant had leased this side track to plaintiff for an entrance and exit to and from his quarry and that it was the sole connection of the quarry with defendant's line of railroad at that point; that the leasing was made through one Steed, alleged to be defendant's agent and who collected rents for the use of the track from time to time for defendant; that the first lease was made on or about the 12th of February, 1896, for a term of five years ending February 12, 1901, and that about February 12, 1901, it was renewed for another period of five years ending on February 11, 1906; that on January 17, 1906, defendant, through its agent Steed, presented to plaintiff a new lease for the quarry track for a period of three years beginning in 1906, at an annual rental of twenty dollars and sixty cents; that the lease was then and there signed by plaintiff and returned by him to Steed to be executed by defendant; that Steed never returned the lease executed by defendant to plaintiff; that on that date, namely, January 17, 1906, plaintiff paid to Steed the annual rental for the track for the year 1906, amounting to twenty dollars and sixty cents, and received from Steed, as agent of defendant, a receipt in the following form: "Received of John Oth twenty dollars and sixty cents rent for quarry track at Elm Point, for 1906. H. H. Steed, Agent." It is further averred that defendant through its said agent had for the sum above stated leased the quarry track at Elm Point to plaintiff for the year 1906; that this rental had never been refunded or returned to plaintiff by defendant or by its agent, and that on the faith of this payment by him to defendant, "and of said lease by defendant, of said premises, for said year 1906, as aforesaid," plaintiff had expended large sums in the construction and repairing of his buildings on the quarry track and had quarried large quantities of stone of various

sizes for sale and shipment and expended large sums of money for necessary tools and machinery for the purpose of operating the quarry and had entered into various profitable contracts with sundry persons for sale and shipment of stone from the quarry and had duly performed all the conditions of the lease but that without due and lawful notice to plaintiff, defendant, long prior to the termination of the lease, wholly failed to perform its part of the lease and in the month of April, 1906, wrongfully and unlawfully removed and destroyed its quarry track at Elm Point and thereby destroyed the value of plaintiff's buildings and his quarry plant and ruined his business at that place to his damage in the sum of $12,000, for which he prays judgment.

A demurrer was filed to this petition, the demurrer overruled. Whereupon defendant filed its answer which, after admitting its incorporation and ownership of the line of railroad, pleads the Statute of Frauds, averring that the agreement of lease alleged to have been entered into between plaintiff and defendant on January 17, 1906, was not put in writing and signed by defendant or any agent of defendant authorized by writing so to do. A release is also pleaded which it is not necessary to notice at length.

The reply was a general denial.

A trial before the court and jury resulted in a verdict and judgment for plaintiff in the sum of $4500. Interposing a motion for a new trial and in arrest and excepting to the overruling of them, defendant duly perfected its appeal to this court, assigning various grounds of error.

In the view we take of the case it will not be necessary to set out the evidence in detail. It is sufficient to say of it that the evidence tended to show plaintiff had a lease from defendant, not only of the side track but also of a section house and adjacent ground at Elm Point, the latter at a monthly rental

of ten dollars. He commenced operations in the quarry and the use of the switch along in 1896, under a five-year term for the track. That lease expiring was renewed for a like term which ended February 11, 1906. On January 17, 1906, plaintiff, desiring to lease the track for another five-year period, applied to defendant through its agent Steed for the lease for another term of five years, not three years as stated in the petition. It appears that the prior leases, while negotiated through Steed, as agent of defendant, were all subject to the approval of the chief officers, ultimately of the vice-president and general manager of the defendant company. When defendant applied for a renewal of his lease in January, 1906, for another term of five years, Steed sent to the headquarters of the company and was furnished with a blank lease for a term of five years, commencing on the 12th day of February, 1906. Thereupon plaintiff signed the lease, delivered it to Steed and paid Steed the twenty dollars and sixty cents before referred to. Whereupon Steed signed and delivered to plaintiff the receipt before referred to and returned the lease signed by plaintiff to the headquarters of the defendant company, along with the annual rental for the year 1906. Nothing was heard from the headquarters of defendant concerning this lease, so far as plaintiff was concerned, until April 24, 1906, when by letter of that date Steed informed plaintiff that he had been advised by defendant's superintendent that it had been decided not to renew the agreement covering the side track at Elm Point quarry as it was the intention to tear up the track as soon as they could get to it. The letter further stated that the agent presumed plaintiff would want to load up his boilers, etc., and if he would advise him how much time he needed he would try to have the track remain until the machinery was loaded. Shortly after giving this notice, that is to say, the latter part of April or first of May, to be accurate,

as we understand the record, the 3rd of May, 1906, the switch track was removed and connection broken with the main line. Over the objection of defendant plaintiff was allowed to introduce a great mass of testimony as to the labor and money he had expended on the quarry with a view to its use for the ensuing five years. This was objected to on the ground that there was nothing in the petition which sets up a contract between plaintiff and defendant for the use of the quarry; that the action is based solely on the breach of the side track contract and there was no allegation in the petition that there was any contract between plaintiff and defendant whereby plaintiff had the use of this quarry concerning which he is asked to testify. The court announced that this evidence was not admitted upon the theory that the use of the quarry is one of the essential elements of the case but simply so far as it would throw light upon the authority of the agent Steed and for that purpose alone. It may as well be said here that thereafter a vast amount of testimony was introduced on this same line of the use of the quarry and its value, all of which must be considered as having been admitted subject to this objection of the defendant. When plaintiff as a witness was asked about the paying of this twenty dollars and sixty cents on January 17, 1906, and counsel for plaintiff stated he expected to offer the receipt in evidence, counsel for defendant objected to it on the ground that from the statement of counsel and the allegations in the petition the receipt is for money paid under a written contract when the contract itself has not been introduced in evidence. This was overruled and the examination of plaintiff being continued as to what took place between him and Mr. Steed up to the time that the proposed five-year lease was presented to him and signed by defendant, objection was interposed to the testimony of the witness to any operations carried on by him after the expiration of

his renewal lease of 1901, which expired by its terms on February 12, 1906. This objection was overruled, defendant duly excepting. The receipt itself was then offered in evidence and was objected to on the ground that it was incompetent under the allegations of the petition; that plaintiff was suing for the breach of a written contract or lease and the paper offered purports to be a receipt for the money and the witness had testified that the lease was never executed by defendant in this case, and for the further reason that the receipt could have no binding effect upon the company under the Statute of Frauds. At the conclusion of the evidence, the court, refusing the instructions asked by plaintiff, gave several instructions of its own motion, and gave two but refused several asked by defendant in the form as asked. The theory of the instructions the court gave was that the evidence showed plaintiff had not made out a case of a lease for one year or three years or five years after February 11, 1906, but on the expiration of the former term ending on that date had thereafter been a tenant at will. The instructions asked and given at the instance of defendant also adopted this theory but in the light of the objections that were made during the progress of the trial these instructions asked by defendant submitting the question on the theory of a tenancy at will must be considered as having been forced upon defendant through the position taken by the trial court. Without going further into the matter, it is sufficient to say that we have concluded upon the evidence in the case that it established one of a tenancy at will, not for a year or for three years, as averred in the petition, but a tenancy at will as defined by statute, terminable not on thirty days' notice, as erroneously charged in the instructions, but on one month's notice in writing. [Section 7883, Revised Statutes 1909.] We so hold on the authority of Leggett v. Louisiana Purchase Exposition Co., 134 Mo. App. 175,

114 S. W. 92, and on the subsequent decision in that
same case when under the same title it was again be-
fore this court and is reported 157 Mo. App. 108, 137
S. W. 893, that this presents a case of a tenant hold-
ing over after the expiration of the term by permis-
sion of the landlord pending negotiations between
them for a renewal of the lease. As the instructions,
in proceeding on the theory of a tenancy at will, were
entirely outside the issues made by the pleadings in
the case, and as defendant did all in its power to hold
the case down to the issues as made by the pleadings,
and has saved its exceptions to the action of the trial
court in overruling these objections and refusing to
pursue this course, we hold that defendant has not
waived this departure; that these instructions were
a complete departure from the issues made by the
pleadings and that the case made by plaintiff on the
evidence was altogether different from the case made
by his pleadings is clear. These instructions should
not have been given.

In Litton v. Chicago, B. & Q. R. Co., 111 Mo. App.
140, 85 S. W. 978, Judge Goode speaking for this court
has very clearly defined the difference between a fail-
ure of proof and a variance. There it is held that
where an action is unproved not in some particulars
only but in its entire scope and meaning, it shall be
deemed a failure of proof and not a variance. Un-
der the averments of the petition, under the issues
made by the pleadings, the question to be determined
was whether plaintiff had a lease for a year. He
has failed in the proof of that but has proved a ten-
ancy at will and was permitted to recover on that
theory, over the objection of defendant.

Recurring to the amount of the verdict, we have
read all the testimony and considered the summary of
that as given by the respective counsel and are com-
pelled to say that it is excessive. Whether returned
by reason of error committed in the admission of the

evidence heretofore referred to as to the work done on the quarry or from error in the instruction of the court is not necessary now to determine. The jury appear to have proceeded upon the theory that plaintiff was entitled to damage as for the entire loss of his quarry. The rule for the measurement of damages in a case of this kind has been stated by this court in two cases, namely, Gildersleeve v. Overstolz, 90 Mo. App. 518, and Murphy v. Century Building Co., 90 Mo. App. 621. Stated generally, the rule prevailing in our state is that where a lessee of premises for business purposes has been evicted and his business broken up by the unlawful acts of his landlord, the prospective profits of his business for the remainder of the term constitute a proper item of damage. That is the modern rule prevailing in this country. [See 1 Taylor, Landlord & Tenant (9 Ed.), sec. 317.]

The point is made against the petition, that it shows on its face a contract void under the Statute of Frauds. That is not correct. The petition avers a contract for a lease for the year 1906, and payment of the rental for that year January 17, 1906.

For the reasons hereinabove stated the judgment of the circuit court is. reversed and the cause remanded with directions to that court to give leave to plaintiff to amend his petition, if he so desires. *Nortoni* and *Caulfield, JJ.,* concur.