WM. R. WHITE, Respondent, v. JOHN E. GILLELAND, Appellant.

Kansas City Court of Appeals, March 3, 1902.

1. **Gaming:** ELECTION: LIABILITY OF STAKEHOLDER: DEMAND: STATUTE. The statute makes betting on an election gaming; and the stakeholder is liable before and after the betting is determined; but after such event demand must be made before the expiration of the time agreed upon for the determination and the suit brought within three months after action accrues.

2. ———: ———: AMENDED STATEMENT: LIMITATION. On the record in this case the question of limitation was eliminated.

3. ———: ———: COMMON LAW: WITHDRAWAL. At common law the party betting can recover of the stakeholder if he withdraws from the wager and give notice thereof before the event is known and the evidence supports the finding of the trial court on this question; and it would seem withdrawal should be allowed at any time before consummation by payment.

4. ———: ———: VARIANCE. Where a discrepancy between the allegations and the proof does not amount to a failure of proof and no objection was taken at the trial as required by the statute, the variance is waived.

Appeal from Macon Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

*Dysart & Mitchell* for appellant.

(1 The filing of an amended petition or statement is an abandonment of the former. ' The case was tried upon the amended statement. The amended · statement does not state

a cause of action under the gambling act. Secs. 3430, 3431 and 3432, R. S. 1899. (2) There is a fatal variance between the allegations and proof: the charge is that it was an election bet as between Bryan and McKinley; the evidence shows a bet that Bryan would get as many votes as he got before in Missouri. (3) The action accrued, if at all, in October, 1900; the amendment was filed in April, 1901. Sybert v. Jones, 19 Mo. 86; Connor v. Black, 132 Mo. 150. (4) If the amendment was a "fresh suit," and not simply a fuller statement of the original cause of action, then the running of the statute was not arrested by the filing of the original statement. Bricken v. Cross, 64 S. W. 99; Buel v. Transfer Co., 45 Mo. 562; Sims v. Field, 24 Mo. App. 557; Lilly v. Tobbein, 103 Mo. 477; Eyermann v. Scollay, 16 Mo. App. 498; Jaicks v. Sullivan, 128 Mo. 177; Connor v. Black, 132 Mo. 150; Bernard v. Mott, 89 Mo. App. 403.

*W. H. Sears* and *R. W. Barrow* for respondent.

(1) It is well settled in Missouri that an action will lie at common law as well as under the statute, to recover a bet from a stake holder if demanded before the event of the bet is determined. Humphreys v. Magee, 13 Mo. 435; Swaggard v. Hancock, 25 Mo. App. 596. The case of Hickerson v. Benson, 8 Mo. 8, does not support appellant. That was before the enactment of our gaming statute. (2) The court will refuse to enforce betting contracts as one of the penalties on betting. State v. Burgdoerfer, 107 Mo. 23; Hayden v. Little, 35 Mo. 418. It is well settled that the losing party may recover money put as a bet "by civil action" even after the event of the bet is determined and the money paid over. Swaggard v. Hancock, 25 Mo. App. 596; Weaver v. Harlan, 48 Mo. App. 319; Williams v. Wall, 60 Mo. 318; Laytham v. Agnew, 70 Mo. 48; Crooks v. McMahan, 48 Mo. App. 48. (3) The amended petition in this case may be

held good either at common law or under the statute. Matthews v. Perdue, 79 Mo. App. 149; Robertson v. Railroad, 21 Mo. App. 633; Keen v. Munger, 52 Mo. App. 660; Scovill v. Glassner, 79 Mo. 449; State ex rel. v. Jones, 53 Mo. App. 207; Spurlock v. Railroad, 93 Mo. 530; Spurlock v. Railroad, 104 Mo. 658; Weaver v. Harlan, 48 Mo. App. 319. (4) The statute of limitations must be pleaded or it is waived, and this defense is not raised by general demurrer. Bell v. Clark, 30 Mo. App. 224; Orr v. Rode, 101 Mo. 387. This rule also applies to statutory action. Stoddard Co. v. Malone, 115 Mo. 508. The defendant can not set up the statute of limitations for the first time in the Supreme Court. Wynn v. Cory, 48 Mo. 346; Lilly v. Menke, 143 Mo. 137; Hall v. Goodnight, 138 Mo. 576; Guntley v. Staed, 77 Mo. App. 155. Counsel are confined on appeal to the course taken at the trial even though at variance with the pleadings. Hill v. Drug Co., 140 Mo. 433; Pope v. Ramsey, 78 Mo. App. 157; Fearey v. O'Neal, 149 Mo. 467; Walker v. City of Sedalia, 74 Mo. App. 70.

ELLISON, J.—This is an action against a stakeholder to recover money bet on an election. The judgment of the trial court was for plaintiff. The facts are that on the twenty-seventh day of October, 1900, the plaintiff bet D. M. Jones $85 that Bryan would have as many votes cast for him in the State of Missouri for president at the then approaching presidential election of the year 1900, as were cast for him at the presidential election in 1896. The money was placed in the hands of defendant as stakeholder. A few days after the election, but before the vote was officially announced and before plaintiff knew the result, he demanded of defendant that the money be returned to him and defendant refused the demand. Afterwards, on January 12, 1901, plaintiff began this action before a justice of the peace on the following statement:

"Lingo, Missouri, January 12, 1901. John E. Gilleland in account with W. R. White, debtor; to money placed in his hands by W. R. White, $85."

Afterwards, on defendant's appeal to the circuit court and more than three months from the day the bet was made, plaintiff filed the following amended statement, no objection being taken thereto.

"Plaintiff, for a cause of action, states as an amended statement, he placed in the hands of the defendant the sum of eighty-five dollars, as an election bet between W. J. Bryan and William McKinley; that the defendant was the stakeholder in said bet, and plaintiff notified defendant not to turn over to D. M. Jones the amount sued for, and defendant has not done so; wherefore, plaintiff asks judgment for said sum of $85, with interest and costs." The statute makes betting on an election authorized by the Constitution and laws of this State, gaming. Sec. 3430, R. S. 1899. It provides that the stakeholder shall be liable for the sum bet both before and after the bet is determined; provided, that if it is sought to hold him after the bet is determined, a demand shall be made upon him previous to the expiration of the time agreed upon for the determination of the bet. Sec. 3431, R. S. 1899. And the action must be brought within three months after the cause of action accrued. Sec. 3432, R. S. 1899.

Defendant claims that the amended statement was a different cause of action from that brought before the justice of the peace, that it was "a fresh suit," and being filed more than three months after the cause of action accrued, was barred by the statute aforesaid. In the trial in the circuit court defendant expressly stated to the court that "we raise no question on the statute of limitations." The explanation in the brief here of what it is said must have been meant by that disclaimer is not satisfactory. We therefore regard the statute as eliminated.

Defendant further claims that the amended statement

does not state a cause of action under the statute aforesaid, and that the evidence does not justify a recovery under the common law. The trial court took the view that no cause of action was stated under the statute, but that there could be a recovery under the common law. So, therefore, if we conclude with the trial court on the latter proposition, it is not necessary to consider or decide the first. At common law the party betting can recover of the stakeholder if he withdraws from the wager and so notifies him before the event is known upon which the wager depended. Hickerson v. Benson, 8 Mo. 8. In this case the court found as a fact, and was justified in so doing, that plaintiff notified defendant of his withdrawal before the result was known. It is therefore unnecessary to say whether he could recover, conceding the event was known, but the money not paid over when the notice was given. It was decided by the St. Louis Court of Appeals that under the statute the money may be recovered from the stakeholder even after the event is known. Weaver v. Harlan, 48 Mo. App. 319. Speaking for myself, I do not see any good reason why the money may not also be recovered at common law from the stakeholder after the event is known. Judge NAPTON so intimates in Hickerson v. Benson, supra. Before the money is paid to the winner, the transaction is not consummated and while yet in the hands of the stakeholder it is *in transitu* and withdrawal should be allowed. As against the stakeholder there has been no consummation of the wrong. The reasoning of KENT, Ch. J., in Vischer v. Tates, 11 Johns 23, seems to me to be unanswerable.

It is finally contended that there was a fatal failure of proof. That is to say that the allegation was of a bet on the result of the election between Bryan and McKinley; whereas the proof was a bet that in the election between Bryan and McKinley in 1900 the former would get more votes in Missouri than he did at the election in 1896. No objection was taken to this as the statute provides in cases of variance (secs.

655 and 656, R. S. 1899), and as has been decided in Mellor v. Railroad, 105 Mo. 471, and Chouquette v. Railroad, 152 Mo. 264. We do not regard the discrepancy as being a failure of proof in its entire scope and meaning as contemplated by section 198 of the statute aforesaid.

The judgment is affirmed. All concur.