GEORGE RIEFLING, Respondent, v. RICHARD F. JUEDE et al., Defendants; RICHARD F. JUEDE, Appellant.

St. Louis Court of Appeals, May 7, 1912.

1. **NEGLIGENCE: Druggists: Compounding Prescription: Pleading: Variance: Amendment.** In an action against a druggist for negligently compounding a prescription, even though an allegation in the petition, that a doctor's prescription was given to the druggist, meant that the prescription was in writing, the discrepancy between it and proof that the prescription was oral would not constitute a failure of proof and the amendment of the petition to conform to the proof would not change the cause of action, since the gist of the action was the negligence of the druggist in compounding the prescription, and whether it was oral or written was an unimportant particular which might or might not have been pleaded without affecting the sufficiency of the petition.

2. **PLEADING: Variance: Waiver.** Where there is a variance between the pleading and the proof, the defendant waives the point that the proof is not responsive to the pleading, if he fails to object to the evidence; and by failing to show by affidavit, as required by section 1846, Revised Statutes 1909, that he was misled to his prejudice by the variance, he renders it immaterial as a matter of law.

3. ———: ———: **Trial Practice: Continuance.** Under section 1847, Revised Statutes 1909, providing that in case of an immaterial variance between the pleading and the proof, the court may direct the facts to be found according to the evidence, or

may order an immediate amendment without costs, a defend-
ant is not entitled to have a trial stopped and the cause con-
tinued, because of an immaterial variance, whether the peti-
tion be amended or not.

4. ——: ——: ——: ——. Where there was an imma-
terial variance between the petition and the proof, and the pe-
tition was amended to conform to the proof, and the defendant
failed to file an affidavit, in support of a motion for a contin-
uance, showing that he could not be ready for trial in conse-
quence of the amendment, as required by section 1961, Revised
Statutes 1909, but merely asked for a continuance to enable
him to make, "by proper pleas," an objection to the amendment
on the ground it changed the cause of action, and developments
at the trial demonstrated that defendant knew all the time that
the facts were in accordance with the amendment, the motion
for a continuance was properly denied.

5. **TRIAL PRACTICE: Argument of Counsel: Admission of Lia-
bility: Objection by Co-defendant.** In an action against two
members of a firm of druggists, for the negligence of one of
them in improperly compounding a prescription, it was shown
that the defendant who did not fill the prescription, instead
of denying liability, had endeavored to induce the other defend-
ant to arbitrate the amount of plaintiff's damage. The de-
fendants were represented by separate counsel, and in his
argument to the jury, counsel for the defendant who had
admitted his liability, after being called to order by the court
for suggesting that the administration of poison was not within
the scope of the partnership business, said they did not plead
the baby act, that plaintiff was entitled to a verdict, and he
hoped it would be given him. *Held*, that this statement was not
objectionable as a collusive admission of liability, but was at
most merely an admission by that defendant that he con-
sidered himself liable.

6. **APPELLATE PRACTICE: Trial Practice: Argument of Coun-
sel: General Objection.** In an action for damages against two
members of a copartnership, in which the defendants were
represented by separate attorneys, a point, made by one of the
defendants on appeal from a judgment in favor of plaintiff, that
the attorney for the other defendant used language, in his
argument to the jury, which might be construed as an admis-
sion of liability for appellant, could not be considered by the
appellate court, in the absence of an objection to such state-
ment on that ground, made by appellant at the time it was
made; a general objection not being sufficient.

7. **DAMAGES: Personal Injuries: $5,500 not Excessive.** In an ac-
tion for personal injuries sustained by reason of the negligent
compounding of a prescription by a firm of druggists, the evi-

dence tended to prove that, as a result of the negligence complained of, plaintiff had an incurable ulcer of the stomach, by reason of which he had suffered loss of weight, appetite, vim, energy, and desire for work, and had become irritable and inaccurate; that his capacity for work was diminished one-half, and as a result thereof he had lost his position, from which he had received an annual salary of $2500; and that he had expended $750 for doctors' bills, $200 for hospital expenses and $86 for medicine. *Held*, that a verdict for $5500 was not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Buder & Buder* for appellant, Jeude.

(1) An amendment to a petition at the close of plaintiff's case, materially changing the cause of action, is not permissible. If such amendment is allowed it should only be on proper terms. R. S. 1909, sec. 1848; Carter v. Dilley, 167 Mo. 564; Joyce v. Growney, 154 Mo. 253; Scovill v. Glasner, 79 Mo. 449; Purdy v. Pfaff, 104 Mo. App. 331; Johnson v. Blell, 61 Mo. App. 37; Manufacturing Co. v. Givens, 35 Mo. App. 602; Liese v. Meyer, 143 Mo. 547. (2) There was a material variance between plaintiff's pleading and proof. R. S. 1909, sec. 1846; Hensler v. Stix, 113 Mo. App. 162; Litton v. Railroad, 111 Mo. App. 140; Webb v. Carter, 121 Mo. App. 147; Ingwersen v. Railroad, 116 Mo. App. 139. (3) The judgment was excessive. Ephland v. Railroad, 57 Mo. App. 147; Shanahan v. Transit Co., 109 Mo. App. 228; Haynes v. Trenton, 108 Mo. 123; Sutherland on Damages, sec. 1246. (4) When the conduct or remarks of other counsel are prejudicial to the losing party, judgment will be reversed. Thompson on Trials, secs. 958, 969; Haynes v. Trenton, 108 Mo. 123; Brown v. Railroad, 66 Mo. 58; Ritter v. Bank, 87 Mo. 574; Rice-Stix & Co. v. Sally, 176 Mo. 107; Koch v. Hebel, 32 Mo. App. 103; Mc-

Donald v. Cash, 45 Mo. App. 66; Massengale v. Rice, 94 Mo. App. 430; Beck v. Railroad, 129 Mo. App. 24; Barnes v. City of St. Joseph, 139 Mo. App. 545.

*Daniel Dillon* and *Taylor R. Young* for respondent.

(1) The word "prescription" when used in reference to medical practice, does not necessarily mean that it is in writing. (2) The amendment could not be held material unless defendant Juede was misled by it to his prejudice in maintaining his defense upon the merits. And in order to show that he was misled, defendant Juede had to file an affidavit showing in what respect he was misled. R. S. 1909, sec. 1846; Hensler v. Stix et al., 113 Mo. App. 162; Litton v. Railroad, 111 Mo. App. 147; Real Estate Co. v. Realty Co., 159 Mo. 567.

STATEMENT.—Action to recover damages for personal injuries. The plaintiff had verdict and judgment and defendant Juede has appealed.

It appears from the evidence that on the first and second days of March, 1908, the defendants, Hemm and Juede, were partners, carrying on business as retail druggists in the city of St. Louis. In the afternoon of March 1st, plaintiff was attended by his family physician for an unimportant ailment, and the physician prescribed quarter grain proto iodide of mercury pills to be taken one every three hours. These pills would have been entirely harmless. The physician had no prescription blank with him, so, acting for plaintiff and by arrangement with the latter, he called at the defendants' drug store, and finding defendant Juede there, attending to the firm business, orally dictated to Juede a prescription for thirty quarter grain proto iodide of mercury pills, and told Juede to prepare them for the plaintiff. Juede took and ac-

cepted the oral direction or order and agreed to fill it. The next morning plaintiff called at the drug store and the defendant Juede delivered to him thirty pills as the pills which the doctor had ordered for the plaintiff. Instead, however, of the pills delivered containing a quarter grain each of proto iodide of mercury as the doctor had ordered for the plaintiff, and which was harmless, Juede had so negligently compounded them that they each contained a quarter grain of yellow oxide of mercury, a corrosive poison, destructive of stomach tissue. Plaintiff took two of them as directed believing that they were what the doctor had ordered. He took no more of them. At this time, though only twenty-five years of age, he was sales-manager for a vehicle and implement concern at a salary of $2500 per annum; in good health and having an immense capacity for work. About an hour and a half after taking the second pill, while sitting in his office, he became deathly ill, with a cold sweat, rapid heart beat and great weakness, vomiting blood. That evening the doctor found him in this condition and with cramps in the stomach and thighs, still vomiting blood. He was put to bed and an antidote administered, the error having been discovered. He was sick in this way about ten days or two weeks and then for a little while he improved, but soon the same symptoms returned in severer form, and he was given morphine, again put to bed, and given a treatment of dieting and bowel cleaning and again got better. The spells of pain and vomiting kept recurring, however, and seemed getting worse, so at the doctor's instance, he went to a hospital, and underwent a two weeks' course of rectal feeding, taking no nourishment through the mouth. Again, for a time, he got better, but again and again the paroxysmal attacks of pain and bloody vomiting recurred, and, in the opinion of the doctors (he was attended at length by two and his ailment diagnosed by four) they will continue to recur as long as he lives. The physi-

cians state that as a result of the poison the plaintiff
has chronic ulcer of the stomach. From time to time
this ulcer heals and forms a scar, but upon any undue
activity of the stomach or upon eating some kinds of
foods the scar breaks on the edge and forms a new
ulcer. This accounts for the alternating periods of
apparent health and spells of severe illness. The prob-
abilities are that this process will go on during plain-
tiff's life. The plaintiff's stomach is permanently im-
paired. He has suffered loss of weight, appetite, vim
and energy and desire for work, is depressed in spir-
its, has become irritable and inaccurate, cannot do more
than half the work he formerly did and lost his posi-
tion in consequence, though he and his brother have
since formed a smaller concern of their own; has ex-
pended or become obligated for at least $750 in doc-
tors' bills, $200 for hospital expenses and $86 for med-
icine.

The statement of plaintiff's cause of action con-
tains a statement in effect that defendant Juede was
given, and undertook to fill, the doctor's "prescrip-
tion" for proto iodide of mercury, but the evidence
on the part of the plaintiff showed, as we have indi-
cated, that Juede was given the prescription verbally,
so, at the close of plaintiff's evidence the court per-
mitted him to amend his petition by interlineation so
as to make it state that Juede was given "a certain
verbal direction of a prescription." The evidence that
the prescription had been given verbally went in with-
out objection that it was not responsive to the plead-
ings and neither defendant filed an affidavit that he
had been misled by the variance to his prejudice. When
the amendment was made the following occurred:

"Mr. Buder: I object to the amendment of the pe-
tition at this time on the ground that it states a dif-
ferent cause of action, as amended, from the one stated
in the petition before.

"The Court: Well, I don't think it does. I think it is simply a misstatement of the evidence. It doesn't touch the cause of action at all. The cause of action is the same. I will permit the amendment to be made.

"To which action of the court, in permitting said amendment, defendants at the time duly excepted, and still continue to except.

"Mr. Buder: I ask that the case be continued, in order to raise by proper pleas the question of whether or not the amendment, as permitted by the court, states a different cause of action.

"The Court: I say, in my opinion, it does not substantially affect the cause of action in this case. The variance between the proof and the petition is purely a verbal variance, and I don't think you are entitled to a continuance, and I will overrule your application.

"To which action of the court in refusing to continue the case, at the request of defendants as above set forth, defendants at the time duly objected and excepted, and still continue to except."

Afterwards defendant Juede testified on his own behalf, and he testified that the prescription was given to him orally and not in writing, though he asserted, contrary to plaintiff's evidence, that the doctor ordered "yellow oxide of mercury" and not "proto iodide of mercury."

While Mr. Kersting, counsel for defendant Hemm was making his argument to the jury, he was called to order by the court for suggesting that the administration of poison was not within the scope of the partnership business so as to bind the innocent partner. He then said: "All right. We do not plead the baby act. This plaintiff is entitled to a verdict and I hope you will give it to him." Mr. Buder (Counsel for defendant Juede): "We object to that, your honor." (No ruling of the court.) "To which failure of the court to instruct the jury that said argument was im-

Riefling v. Juede.

proper, defendant Juede at the time excepted, and still continues to except.'' As an explanation for defendant Hemm's counsel making this admission in his argument, it appears that defendant is an old and experienced pharmacist who for twenty-eight years has lectured in a St. Louis school of pharmacy. It was he who had discovered the terrible mistake that had been made, and his partner, Juede, had confessed to him that he had made it. He was deeply concerned and instead of denying the liability, he had unsuccessfully endeavored to induce Juede to agree with plaintiff to arbitrate the extent of plaintiff's damage. Defendant Juede's counsel filed an affidavit intended to show that defendant Hemm and plaintiff's counsel had colluded together, but the material portions of the affidavit were stated only on information and belief and were overcome by an affidavit made by plaintiff's counsel.

The verdict and judgment in favor of plaintiff were for $5500.

CAULFIELD, J. (after stating the facts).—I. The contention that the trial court erred in refusing defendant Juede a continuance on account of the amendment to the petition made at the close of plaintiff's evidence is without merit. If the allegation of the petition, that a doctor's prescription was given to Juede, meant that it was in writing, still the discrepancy between that allegation and the proof that the prescription was oral did not constitute a failure of proof, and the amendment to meet it did not change the cause of action. The gist of the cause of action was the negligence of defendant Juede in substituting and delivering to plaintiff a poisonous drug for the harmless one which his firm, by him, had undertaken to prepare and deliver, and whether the prescription for the harmless drug was oral or written was an unimportant particular which might have been pleaded or not without affecting the sufficiency of plaintiff's statement of

his cause of action. At the most the discrepancy be-
tween the pleading and the proof as to this single un-
important particular was a mere variance. [Beck v.
Ferrara, 19 Mo. 30.] By failing to object to the evi-
dence of an oral prescription, defendant waived the
point that the proof was not responsive to the plead-
ing (Von Trebra v. Gaslight Co., 209 Mo. 648, 108 S.
W. 559); and by failing to show by affidavit that he
was misled by the variance to his prejudice, he ren-
dered the variance immaterial, as matter of law. [Lit-
ton v. Railroad, 111 Mo. App. 140, 85 S. W. 978.] The
statute provide that in case of an immaterial variance,
such as this, "The court may direct the facts to be
found according to the evidence or may order an im-
mediate amendment without costs." [R. S. 1909, Sec.
1847.] It is clear from this provision that a party is
not entitled to have the trial stopped and the cause
continued because of an immaterial variance, whether
the pleading be amended or not, for the court may "di-
rect the facts to be found according to the evidence"
without amendment, and if the amendment is made it
is to be "immediate." It would be trifling with jus-
tice were it otherwise. No greater absurdity could
be imagined than a requirement that a party be granted
a continuance because of an amendment made to cure a
waived and immaterial variance. There is no such re-
quirement. [Edge v. Electric Ry. Co., 206 Mo. 471,
501, 104 S. W. 90.]

Under another section (R. S. 1909, Sec. 1961) it is
incumbent upon a party who would have a continu-
ance on account of an amendment by the other to sat-
isfy the trial court by affidavit or otherwise that he
"could not be ready for trial in consequence thereof."
If this section is applicable, defendant entirely failed
to comply with it. He objected to the amendment on the
sole ground that it changed the cause of action. Being
overruled, as he should have been, he asked that the
case be continued for the sole purpose of enabling him

to make the same objection "by proper pleas," and the court very properly denied this request. Then it developed that this defendant conceded, and knew all the time, that the prescription was oral, and, as we construe an affidavit made by his counsel after verdict, the latter knew that the proof would so show and could not show otherwise. There could not be error in refusing to grant a continuance in such a case. [Peterson v. Met. Street Ry. Co., 211 Mo. 498, 111 S. W. 37.]

II. The defendant Juede assigns as reversible error the remarks of Kersting, counsel for Hemm. We do not believe that the jury could reasonably have construed these remarks to be anything more than an admission of liability being made by Hemm for himself alone. The defendants were represented by separate counsel and it was made clear during the trial that such counsel were not acting in harmony and that each acted for his client and not for the other defendant. Defendant Hemm had a right to admit his own liability. If defendant Juede thought the language used might be construed to be an admission for him, he should have objected to it for that reason so that the trial court might cure the error. [State v. Phillips, 233 Mo. 299, 307, 135 S. W. 4; 38 Cyc., p. 1508.] He did not do this but contented himself with a mere general objection, which meant nothing. Of course the courts will not allow anything on the part of one defendant to be done by collusion with the plaintiff for the purpose of defrauding the other defendant of his rights, but the trial court has determined that there was no such collusion or fraud in this case.

We are satisfied that this judgment is for the right party, is not for an excessive amount, and should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.