JAMES J. BOWLES, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, July 19, 1912.   Motion for Rehearing Overruled October 15, 1912.**

1. **COMMON CARRIERS: Negligence: Pleading: Variance.** In an action against a railroad company for damage to a shipment of hogs, where the petition charged that defendant detained the hogs in unhealthy pens and transported them in unhealthy cars, a recovery could not be had on the theory that defendant breached its obligation to transport the hogs within a reasonable time, since plaintiff could not declare upon one negligent act and recover upon another.

2. **PLEADING: Variance: Amendment: Trial Practice.** Where evidence tending to establish a cause of action in favor of plaintiff, which is not pleaded in the petition, is received without objection by defendant, the court may, under Secs. 1846 and 1847, R. S. 1909, treat the variance as an immaterial one and submit the question of liability to the jury in accordance with such evidence; but where such evidence is objected to by defendant, the court should order an amendment of the petition to conform to the proof made, and if this be not done, a judgment rendered on such evidence will be reversed.

Appeal from Knox Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

REVERSED AND REMANDED.

*O. D. Jones* and *J. G. Trimble* for appellant.

Instruction No. 1 given on behalf of plaintiff is erroneous in that it permits a recovery for an unreasonable delay in transportation. Plaintiff can recover, if at all, only upon the allegations of his petition. Gibler v. Railroad, 148 Mo. App. 475; Evans v. Railroad, 222 Mo. 435; Roscoe v. Railroad, 202 Mo. 576.

*G. R. Balthrope, James C. Dorian* and *J. H. McKinney* for respondent.

NORTONI, J.—This is a suit for damages accrued to plaintiff through the alleged negligence of defendant in transporting a carload of hogs. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff shipped 146 hogs in one car over defendant's railroad from Kansas City to Edina, Missouri, on January 3, 1910. It appears that during the transit the hogs were exposed to a blizzard and contracted pneumonia, from the effects of which 122 of them died. Because of this, the present suit was instituted and plaintiff prevailed at the trial.

The material portion of plaintiff's petition setting forth his grievance and the grounds of recovery therefor is as follows: It is averred that plaintiff delivered the hogs to defendant at Kansas City, Missouri, "in a first-class and healthy condition on or about the 3d day of January, 1910, and that the officials or agents of said defendant company upon the receipt of said hogs demanded of and received from the agent of plaintiff, in charge of said hogs, an additional contract of shipment, which is marked Exhibit 'B' and filed herewith; that under and by virtue of said contracts of shipment aforesaid it became and was the duty of the defendant to immediately ship and transport the said hogs of plaintiff from said city of Kansas City, Missouri, to said city of Edina, Missouri, but that the defendant, its agents, servants and employees, in violation of said contract, on which the plaintiff paid the transportation price agreed upon and demanded by the defendant, negligently and carelessly failed to transport and ship said hogs, but detained the same at different points along the route of shipment, and especially at the city of Milan, Missouri, where they were detained and unloaded and kept in unhealthy pens for more than twenty-four hours, and were carelessly and negligently loaded into unhealthy cars both at Kansas City, Missouri, and at Milan, Missouri, and that on account of the careless-

ness of said company in not transporting said hogs in healthy cars and their unloading the same in unhealthy pens, said hogs contracted a deadly and dangerous disease from which one hundred and twenty of the same died, which were of the reasonable value of twelve hundred and sixty dollars, and by reason of said hogs being diseased as aforesaid through the carelessness and negligence of the defendant as aforesaid, plaintiff was compelled and did expend large sums of money in feeding and doctoring and taking care of said hogs, to-wit, the sum of three hundred dollars.''

From the averments above set forth, it appears that plaintiff asserted, as the grounds of negligence relied upon for a recovery, that defendant detained and unloaded his hogs in unhealthy pens and loaded and shipped them in unhealthy cars; but there is naught in the record whatever tending to support the charges made. It appears from plaintiff's evidence alone that the car in which the hogs were shipped was a new one never used before, and there is no suggestion that either it or the stock pens complained of were unhealthy in any respect or infected with disease in any manner. Though there is no averment in the petition that defendant breached its obligation to transport the hogs within a reasonable time, plaintiff was permitted to introduce evidence, over the objection and exception of defendant, as if such were the ground of recovery relied upon. It appears the hogs were shipped from Kansas City about 6:30 o'clock on Monday evening, and in due course should have reached Edina, Missouri, about the same hour the following morning; that is, in about twelve hours. A heavy snowstorm, or blizzard, commenced shortly after the shipment left Kansas City and continued throughout the night. The weather remained exceedingly cold thereafter. Instead of the hogs reaching Edina at 6:30 o'clock Tuesday morning, they were detained in transit until about 9:00 o'clock on Wednesday evening,

and two of them died, as the evidence tends to prove, from exposure before arrival at Edina. Nearly all of the hogs contracted pneumonia and 120 of them died within a few days after reaching plaintiff's farm. A veterinary surgeon testified for plaintiff that, in his opinion, the hogs probably contracted the disease through being unloaded from the car and being detained in defendant's stock pens at Milan, Missouri, during the extreme cold of the storm and from exposure to it, but the question of an unhealthy stock pen, counted upon in the petition, was not submitted to the jury at all. On the contrary, the sole predicate of liability, submitted to the jury by plaintiff's instructions and which authorized a recovery for him, relates to defendant's breach of its duty to transport the shipment within a reasonable time and the exposure of the hogs during an unreasonable delay in transit. Plaintiff's instruction authorizing a recovery on this theory is as follows:

"The court instructs the jury that if the jury believes from the greater weight of evidence in the cause that on or about the 3d day of January, 1910, the defendant received from plaintiff at Kansas City, Missouri, 146 of plaintiff's hogs, which were then in a healthy condition, said hogs to be shipped by defendant from Kansas City, Missouri, to the city of Edina, Missouri, and that plaintiff paid the defendant its shipping charges therefor, and if you further believe from the greater weight of the evidence that the defendant, after so receiving said hogs from plaintiff, neglected to ship and deliver the same to plaintiff at said city of Edina, Missouri, in a reasonable time, and on account of the same said hogs became injured and diseased, by reason of which 122 of the same died, then your verdict will be for the plaintiff on the first count in the petition for such sum as you may believe from the evidence said hogs were worth, not exceeding the sum of $1260."

Obviously, this instruction submits a ground of recovery not declared upon in the petition and, under controlling decisions of the Supreme Court, compels a reversal of the judgment, for plaintiff may not declare upon one negligent act and recover upon another, unless it be in exceptional instances to be hereafter noted. [See Chitty v. St. Louis, I. M. & S. Ry. Co., 148 Mo. 64, 49 S. W. 868.]

There can be no doubt that, on the evidence adduced at the trial, an abundant showing was made to authorize a recovery for plaintiff because of the unreasonable delay and exposure of the carload of hogs during transit, but the petition lays no claim whatever for a recovery on that ground, and all of the evidence introduced tending to sustain it was given over defendant's objection and exception because the petition asserted no such right of recovery. It is true that, in some cases, where the evidence is received without objection and reveals a valid cause of action in favor of plaintiff, though beyond the pale of the petition, the court may, under the statute, treat the matter as an immaterial variance and submit by instructions the question of liability in accordance with the proof made. But the authorities declare another rule when the evidence tending to prove a cause of action or grounds of recovery different and distinct from that relied upon in the petition is introduced over the objection and exception of defendant, as here. In such cases, the court should order an amendment of the petition to conform to the proof made, and if this course is not pursued, the judgment given in affirmance of the grounds of recovery not set forth in the petition will be reversed on appeal, to the end that defendant may prepare to meet the case first asserted at the trial. [See Hensler v. Stix, 113 Mo. App. 162, 88 S. W. 108. For a full discussion of the question, see Litton v. Chicago, B. & Q. R. Co., 111 Mo. App. 140, 85 S. W. 978; Mellor v. Missouri Pac. R. Co., 105

Mo. 455, 16 S. W. 849; Chouquette v. Southern Electric R. Co., 152 Mo. 257, 53 S. W. 897.]

For the error in receiving the evidence above mentioned, notwithstanding defendant's objection and exception, and in submitting the question of liability thereon, as if the petition declared upon a breach of defendant's obligation to transport the stock within a reasonable time and the negligent exposure of the hogs through unnecessary delay, when no such claim was laid in the petition, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.