ROBERT THORNTON, Respondent, v AMERI-
CAN ZINC, LEAD & SMELTING COMPANY,
Appellant.

Springfield Court of Appeals, February 10, 1914.

SYLLABUS BY THE COURT.

1. **PLEADING AND PROOF: Variance: Failure of Proof.** One
cannot plead one act of negligence as the basis of his action
and have a recovery on another and different act of negligence.

2. ————: Variance: No Objection Made: Affidavit of Being
Misled. A variance of the facts proven from those alleged,
not amounting to a failure of proof as defined by Sec. 2021, R.
S. 1909, when no objection is made to the introduction of
evidence on this ground, does not constitute reversible error
unless the defendant files his affidavit of being misled. (Citing,
Sec. 1846, R. S. 1909).

3. ————: Variance: Test of Materiality. The affidavit setting
forth that a party has been misled to his prejudice by a vari-
ance of the facts proven and those alleged is the sole test of
materiality between the *allegata* and *probata.*

4. ————: Variance: Material and Immaterial: Failure of
Proof. A divergence of the facts proven from those alleged
may amount to (a) an immaterial variance, (b) a material
variance, or (c) a failure of proof. (Citing Secs. 1846 and 2021,
R. S. 1909).

5. ————: ————: When Deemed Immaterial: Effect of. A
variance between the allegations in a pleading and the proof is
not deemed material unless it has actually misled the adverse
party to his prejudice in maintaining his action or defense
upon the merits, and in such case no amendment of the petition
is necessary. Sec. 1847, R. S. 1909.

6. ————: ————: When Deemed Material: Effect Of. Where
the variance is material so as to mislead the adverse party to
his prejudice an affidavit to this effect must be filled and an
opportunity to amend be given, with further time to meet the
new allegations when necessary; otherwise the error is waived
and the court should submit the case on the facts proven. Sec.
1846, R. S. 1909.

7. ————: ————: Failure of Proof: Effect Of. Failure of
proof is where the allegations of the cause of action or de-
fense are unproved in their entire scope and meaning and the

test is the same as applied to determine whether different counts of a petition state different causes of action or the same cause of action in different ways. In such case the party so failing cannot prevail but the court may grant a new trial on an amended pleading. Sec. 2021, R. S. 1909.

8. **MASTER AND SERVANT: Injuries: Negligence: Allegata and Probata: Variance.** In an action by a servant for injuries occasioned by the master's negligent construction of a track along which the servant was engaged in running cars loaded with dirt, petition and evidence examined and held not to present failure of proof.

Appeal from Jasper County Circuit Court, Division No. One.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*Thomas and Hackney,* for appellant.

(1) There was a total failure to sustain by the evidence the allegations of the plaintiff's petition and the demurrer to the evidence should have been sustained. The evidence must connect the causes of the injury with the negligence charged in the petition. McCord Rubber Co. v. St. Joseph Water Co., 181 Mo. 678; McClure v. Feldman, 184 Mo. 710; Chitty v. Railway Co., 148 Mo. 75; Grisamore v. Railway, 118 Mo. App. 390; Bromley v. Lumber Co., 127 Mo. App. 158. (2) A party cannot plead one act of negligence as the basis of his action and have the recovery upon another and different act of negligence. Huss v. Bakery Co., 210 Mo. 51.

*W. R. Shuck* and *R. M. Sheppard,* for respondent.

This case was properly submitted to the jury. The allegation of negligence in the petition, which was submitted to the jury, was that defendant "negligently and carelessly failed to put under the rails of said track sufficient number of ties to properly balance and hold said tract in place." The evidence on behalf of

plaintiff and defendant all shows that the accident was caused by the car, upon which the can was being loaded, getting beyond the last tie onto the portion of the rails which extended beyond the last tie.

STURGIS, J.—Suit for personal injuries received by a shoveler in a zinc mine near Webb City, Missouri. Only one error is assigned on the record in this court, that plaintiff sued on one ground of negligence and was allowed to recover on another—a variance between the *allegata* and *probata*. For the purposes of this appeal, defendant admits plaintiff's injuries and that same were caused by its negligence in the manner proved but not in the manner alleged.

The plaintiff was injured by reason of a can of dirt and rock, which he was himself filling with his shovel, tipping over on him from a small car standing on a tract made of light iron rails and ties laid on the floor of the mine and used to convey the dirt and rock from the drifts to the shaft. This track was both movable from place to place and was made longer from time to time to facilitate the work of getting the dirt and rock to the shaft. The plaintiff and other shovelers had nothing to do with the work of moving or extending this track, such work being entrusted to another workman. At the time of this accident this track had recently been moved. The ordinary rails used thereon were eighteen feet long but, in order to get the end of the track, where stood the car and can to be filled, close to the dirt to be loaded, shorter length rails were used at the end. The end rails used at this time were about six feet long. Only one tie was placed under these short end rails, the joint being on the second tie. The short rails projected some one and a half to two feet beyond the last tie, that is, the one tie under these short end rails was a little beyond the middle of the same with the joint on the next tie. The tract was somewhat down grade near to and going towards the

end, so that the car, with the can on it, had to be "scotched up" by placing something in front of the wheels to keep it from running off by its own weight. This accident was unquestionably caused by the car standing so near the end of the track, as to cause the unsupported ends of the rails to go down, by reason of the increased weight of the can being filled, and the track to raise or buckle up at the joint. To quote from the witnesses: "The joint worked just like a hinge and raised the track five or six feet back. It buckled up." "That tie didn't get out of position only (the rail) tipped like a scale beam would." "The car and can both dumped over those projecting points of the rails. The can had fallen straight in front of the track."

The question of plaintiff's contributory negligence in placing the car too far over the last tie with knowledge of the danger of so doing was resolved by the jury in plaintiff's favor.

Plaintiff's petition alleges several grounds of negligence, such as a soft and insecure roadbed, built on loose earth and rolling boulders, etc., but all were abandoned or taken from the jury, except this one: "that it negligently and carelessly failed to put under the rails of said track sufficient number of ties to properly balance and hold said track in place, and that it negligently and carelessly failed to properly nail said rails to a proper number of ties so that said track would be held in place, and that by reason thereof the cans upon the cars upon said track, when loaded, were liable to tilt and said track become lower upon one side than upon the other, thereby causing the cans to fall off the cars upon said track." It will be seen that the petition does not point out the acts of negligence proved as definitely as it might or should. The specific negligence proved was a failure to put another tie at or near the end of the rails and the result was the tilting of the car endwise rather than sidewise and by reason of the

track going down at the end rather than "becoming lower upon one side than upon the other." The only instruction given for plaintiff followed almost the identical language of the petition above quoted, except that the jury were required to find that by reason of the insufficiency of the number of ties the cans on the cars "were liable to tilt and said track become lower at *one place* (one side in the petition) than at another."

Defendant cites and relies on a line of cases holding the well known rule that plaintiff can not sue on one cause of action and recover on another; or, can not allege one defect or kind of negligence and prove and recover on another; or, can not plead one act of negligence as the basis of his action and have a recovery on another and different act of negligence. [Huss v. Bakery Co., 210 Mo. 44, 51, 108 S. W. 63; McClure v. Feldmann, 184 Mo. 710, 722, (84 S. W. 16); Chitty v. Railroad, 148 Mo. 64, 75, (49 S. W. 868); Bromley v. Lumber Co., 127 Mo. App. 151, 158, (104 S. W. 1134); Crisamore v. Railroad, 118 Mo. App. 387, 390, (94 S. W. 306).]

It is by no means, however, every variance between the allegations of negligence and the proof of same that constitutes reversible error. Much depends also on the manner in which the variance is taken advantage of in the trial court. In fact, a *variance* of the facts proved from those alleged, at least when no objection is made to the introduction of evidence on this ground, never amounts to reversible error unless the defendant files his affidavit of being misled, as provided by section 1846, Revised Statutes 1909. It is somewhat different in case of a failure of proof under section 2021, Revised Statutes 1909 [White v. Gilleland, 93 Mo. App. 310, 314; Riefling v. Juede, 165 Mo. App. 216, 224, (147 S. W. 168); Donovan v. Brewing Co., 92 Mo. App. 341, 349; Mekos v. Fricke, 159 Mo. App. 631, 637, (139 S. W. 1181); Ingwerson v. Rail-

road, 205 Mo. 328, 337, (103 S. W. 1143.)] In Fisher
v. Realty Co., 159 Mo. 562, (62 S. W. 443) it was said
that, though a party cannot declare on one cause of
action and recover on another, it is equally well settled
that: "timely and appropriate objections must be
made to the introduction of the evidence offered on the
distinct ground of variance between the *allegata* and
*probata* and that the objecting party must proceed in
the manner provided by section 2096, Revised Statutes
1889, otherwise his objection will not be considered.
And the affidavit setting forth in what respect a party
had been misled is the sole test of materiality of a
descrepancy between the *allegata* and *probata*. If a
party fails to avail himself of section 2096, supra, in
the trial court, it is too late to complain in the appellate
court."

The difference between a variance and failure of
proof is defined by statute, section 2021, supra, as fol-
lows: "Where the allegation of the cause of action or
defense to which the proof is directed is unproved, not
in some particular or particulars only, but in its entire
scope and meaning, it shall not be deemed a case of
variance, but a failure of proof." It is stated in Nel-
son v. Railroad, 113 Mo. App. 702, 707, (88 S. W.
1119), as follows: "A plaintiff will not be permitted
to declare upon one cause of action and recover upon
another. When acts of negligence, fundamental to the
right asserted, are specifically alleged, they must be
proven as alleged. [Waldhier v. Railroad, 71 Mo. 514;
Ely v. Railroad, 77 Mo. 34; McManamee v. Railroad,
135 Mo. 440.] But this well settled rule is in its ap-
plication restricted by statute to predicative facts
without proof of which the cause of action pleaded can-
not be established in its full scope and meaning, and
not to facts that, particularizing only, may be elimi-
nated without changing the cause of action. [R. S. 1899,
sec. 655-798; Waldheir v. Railroad, supra; Leslies v.

Railroad, 88 Mo. 50; Ridenhour v. Railroad, 102 Mo. 270.]''

According to the above sections of the statute, a divergence of the facts proved from those alleged may amount to (1) an immaterial variance; (2) a material variance; or, (3) a failure of proof. The difference between a material and an immaterial variance is also defined by statute, section 1846, Revised Statutes 1909, in that: ''No variance between the allegation in the pleading and the proof shall be deemed material, .unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits.'' It is also there provided that defendant, himself, must raise this question by affidavit or it will be waived. If he deems the variance material, that is, that he has actually been misled, to his prejudice, in making his defense, he must say so by affidavit, pointing out in what respect he was misled, and prove it to the court. In such case the plaintiff does not fail in his cause of action but may, on just terms, amend his petition to cover the facts as they are shown to exist, and proceed with the case. Unless the variance is taken advantage of in this manner, it is to be deemed immaterial and ''the court may direct the facts to be found according to the *evidence,*'' regardless of the pleadings. [Section 1847, R. S. 1909.]

These statutes are designed to prevent the too common practice of permitting or encouraging, as was done in this case, the plaintiff to make out a case more or less at variance in the facts proved with those alleged and then trip up his adversary by asking a judgment at the hands of the court or the jury because of a failure to prove the facts as alleged. This is not the course of procedure prescribed by the statutes. The defendant's first duty is to object, and if necessary save an exception, to the evidence showing an act or ground of negligence or recovery not counted on in the petition thereby warning the plaintiff and giving an

opportunity to amend the petition on just terms and, if necessary, giving time to his adversary to meet the new allegation of negligence. [Ingwersen v. Railroad, 116 Mo. App. 139, 145, (92 S. W. 357); Mellor v. Railroad, 105 Mo. 455, (16 S. W. 849); Litton v. Railroad, 111 Mo. App. 140, 146, (85 S. W. 978) Bowles v. Railroad, 167 Mo. App. 268, 272, (149 S. W. 1041).] If, as sometimes happens, the evidence gets in the case with no opportunity to object or without defendant knowing the full import or scope of the evidence, or be drawn out on cross-examination, then defendant must avail himself of the affidavit as to being misled or the court should instruct the jury to find according to the facts proved. "Those statutes warrant an instruction to a jury to find a verdict on evidence irrelevant to the pleadings, unless the party objecting pursues the statutory steps to avoid that result, and the court thereupon finds he will be prejudiced by the evidence." [Litton v. Railroad, 111 Mo. App. 140, 148, (85 S. W. 978).] In Hensler v. Stix, 113 Mo. App. 162, 176, (88 S. W. 108), the court said: "Now, during a trial a party may object to evidence when it is offered, on the ground that it is irrelevant to the issues; or he may raise the question of variance after it is introduced. If he does neither, and the discrepancy between the allegations and the evidence does not amount to a failure of proof, we fail to see how the trial court can be denied the right to instruct on the evidence without expunging certain provisions of the statutes. This doctrine has been declared repeatedly by the courts, though not without inconsistent decisions. [Fisher. etc., Co. v. Realty Co., 159 Mo. 562, 566, 62 S. W. 443; Heffernan v. Legion of Honor, 40 Mo. App. 605; Farmers' Bank v. Assurance Co., 106 Mo. App. 114, 80 S. W. 299.]" In no such case should the court sustain a demurrer to the evidence or direct a verdict for defendant, unless the plaintiff declines to amend the petition, on the terms imposed, so as to cover the acts of

negligence as they are shown to exist. This is emphasized by section 2021, supra, directing that even in case of an entire failure of proof and a verdict for defendant because of such failure and the court is of the opinion that plaintiff has a good cause of action, if pleaded, the court may set aside the verdict and grant a new trial on an amended pleading. [Ingwersen v. Railroad, 116 Mo. App. 139, 147, (92 S. W. 357).]

A failure to observe the provisions of these sections of the statute has caused the decisions in this State to be more or less conflicting. Many seeming conflicts, however, will disappear by noting the occasion and purpose of the court in stating that plaintiff cannot allege one ground of negligence and recover on another, or like expressions. Such is error, but the error to be available must be taken advantage of in the manner provided by statute, i. e., by affidavit, or it is waived. The affidavit is, in some respects like a motion for new trial in preserving the error. In Hensler v. Stix, 113 Mo. App. 162, 176, (88 S. W. 108), the court said: "The professional eye likes to see pleadings and proof agree exactly and an amendment is preferable, but not imperative. To contend, as is sometimes done, that in no case of variance can the court instruct on the evidence, is to ignore the very words of the section of the statute last cited, which expressly authorize the court to give instructions according to the evidence unless the variance is material. What shall be deemed a material variance is prescribed in the code. It is one which had misled the opposing party to his prejudice. [R. S. 1899, sec. 655.] And in the code, too, is prescribed how it shall be made to appear a party has been misled. If the evidence does not correspond strictly to the allegations, it is the duty of the opposite party to satisfy the court by affidavit that the discrepancy is harmful to him; whereupon the court may order the pleading amended on terms. [R. S. 1899, sec. 655.]"

Unless, therefore, there is such a marked divergence between the negligence alleged and that proved, as to amount to a failure of proof, there is nothing in defendant's contention. We think that there is none. It is very questioable whether the defendant could have shown the variance to be material, i. e., so misleading as to be prejudicial in making its defense to the merits. There certainly was no failure of proof, i. e., after all the evidence was in, leaving the allegations of the cause of action to which the proof was directed unproved in its entire scope and meaning. [Chamlee v. Hotel Co., 155 Mo. App. 144, 157, 134 S. W. 123).] A reading of the cases already cited, and particularly Hensler v. Stix, 113 Mo. App. 162, (88 S. W. 108); Nelson v. Railroad, 133 Mo. App. 702, (88 S. W. 1119) and Litton v. Railroad, 111 Mo. App. 140, (85 S. W. 978), and the many cases cited and quoted from in those cases, will demonstrate the correctness of our conclusions. A comprehensive and accurate definition of a cause of action is hard to formulate. Judge Goode tried it in Litton v. Railroad supra, p. 149, (and see Shantz v. Shriner, 167 Mo. App. 635, 643, 150 S. W. 727), but his illustration there given is much easier of application than the definition. Nearly any lawyer would know at once whether a petition containing several counts joined several *different* causes of action requiring different verdicts, or whether it states the *same* cause of action, in different ways, so as to meet the proof and on which a general verdict would be sufficient. Applying this test, there is no doubt but that if plaintiff had added to his petition in this case a second count, alleging the acts of negligence proved, the second count would merely have stated the same cause of action in a different way to meet the proof and a general verdict would have been sufficient. Plaintiff's cause of action, asserted in this case, is a violation by defendant of his right to have the defendant exercise ordinary care for his safety in the construction of this track for the use

it was being put to. It is only as to the particulars stated that this cause of action was not proven and not in its entire scope and meaning.

It results that this case should be affirmed. *Robertson, P. J.,* concurs. *Farrington, J.,* concurs.