FRANCES A. TANNER, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, December 31, 1914.

1. **RAILROADS: Death from Crossing Collision: Damages.** Action against a railroad company by a widow for damages on account of the death of her husband resulting from injuries received from being struck by defendant's train at street crossing. Evidence reviewed.

2. ————: **Crossing Collisions: Death from Injuries: Presumptions.** In an action against a railroad company for damages for the death of plaintiff's husband as a result of being struck by defendant's train at a railroad crossing, absent any evidence to the contrary, it will be presumed that the deceased in crossing over the railroad was exercising proper care and that he looked and listened where it was his duty to do so.

3. ————: ————: ————: **Demurrer to Evidence.** In an action for damages against a railroad company for the death of her husband, killed while crossing a railroad track at a street crossing, *held* that under the evidence a demurrer to the testimony was not warranted.

4. **PLEADING AND PROOF: Variance: How Taken Advantage of.** A variance between the petition and evidence which is received without objection can only be taken advantage of by defendant by an affidavit of surprise as contemplated by Sec. 1846, R. S. 1909, if defendant was not prepared to meet the issue.

5. **EVIDENCE: Objections: What Not Sufficient.** An objection to the evidence introduced because "it is irrelevant and immaterial to the case," is too general.

6. ———: **Death at Railroad Crossing: Collisions: What Evidence Relevant.** Action for damages because of the death of the plaintiff's husband resulting from a collision with defendant's train at a crossing. Evidence of the age and condition of the health of the deceased may be admissible as an aid to the jury in considering the alleged contributory negligence of deceased.

Appeal from Scott County Circuit Court.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*Anthony & Davis* for appellant.

(1) The trial court should have held under the evidence that even though those in charge of appellants' train were guilty of some negligence as set out in plaintiff's petition, yet that Samuel Tanner, deceased, was guilty of such contributory negligence as to bar any right of recovery on the part of respondent. Laun v. Railroad, 216 Mo. 563; Stotler v. Railroad, 204 Mo. 619; Kelsay v. Railroad, 129 Mo. 362; Hook v. Railroad, 162 Mo. 569; Huggart v. Railroad, 134 Mo. 673; Kreis v. Railroad, 148 Mo. 321; Railroad v. Railroad, 154 Mo. App. 156; Sanguinette v. Railroad, 196 Mo. 466; 3 Elliott on Railroads, sec. 1165; Burnett v. Railroad, 172 Mo. App. 51; Green v. Railroad, 192 Mo. 131; Farris v. Railroad, 167 Mo. App. 392; Burge v. Railroad, 244 Mo. 76; Burnham v. Railroad, 175 Mo. App. 286; Reeves v. Railroad, 251 Mo. 169; Keele v. Railroad, 167 S. W. 433; Underwood v. Railroad, 168 S. W. 803; Maginnis v. Railroad, 165 S. W. 849. (2) While there is a general allegation of negligence in plaintiff's petition, yet that allegation being followed by specific assignments of negligence, the plaintiff must recover, if at all, upon some of the acts specifically set out. Clark v. Motor Car Company, 177 Mo. App. 623.

*Ralph E. Bailey & James A. Finch* for respondent.

(1)  It is overwhelmingly established that train number 10 which caused the death at the time of this accident was flagrantly violating ordinance of the city of Poplar Bluff concerning the speed of trains and appellant was therefore guilty of negligence *per se.* Karle v. Railroad, 55 Mo. 476; Mahr v. Railroad, 64 Mo. 267; Bergman v. Railroad, 88 Mo. 678; Keim v. Railroad, 90 Mo. 314.  (2)  Under our rulings the burden of showing negligence on the part of the plaintiff is upon the defendant.  The presumption is that plaintiff performed his duty until the contrary is made to appear.  Stepp v. Railroad, 85 Mo. 229; Petty v. Railroad, 88 Mo. 306; Schlereth v. Railroad, 96 Mo. 509. The petition sets out sufficient allegations, both general and specific, to justify recovery under the testimony setting forth acts of negligence both general and specific.

ROBERTSON, P. J.—This is an action by the widow of Samuel Tanner to recover damages for his death resulting from injuries which he received at a street crossing in Poplar Bluff in October, 1912.  The jury returned a verdict for $3500 upon which judgment was entered and defendant has appealed.  The passenger train which caused Tanner's death was northbound and about thirty minutes late.  Deceased, seventy-two years of age, about 3:30 in the morning, was driving a team hitched to his wagon on the road leading to this crossing from the south and just before passing onto defendant's track the wagon road leads to the west.  He came from the south and was passing over the crossing to the west.  There were four sets of railroad tracks at this crossing east of the track upon which defendant's train was running, the latter being by us designated as track five, the vertex in a rather sharp curve to the west of which is a short

distance south of the crossing.  At the extreme east of the crossing the distance to track five was about fifty feet.  Leading off to the south and east from these tracks were numerous switch tracks and on one of them up near the track upon which the train was running at the time of the accident, there was a string of box freight cars extending up near the crossing. The depot is about eleven hundred feet north of the crossing.  The city of Poplar Bluff had an ordinance prohibiting trains from running within its limits at a greater speed than eight miles an hour.  There were other tracks west of five and beyond them there was an electric street arc light.  To his right and north of the crossing a distance of over 700 feet there was standing, with its headlight towards the crossing, an engine.  At about the time that deceased was passing onto the railroad tracks he was seen to look in both directions.  There was no testimony that he stopped. No signal was given by the approaching train, as shown by substantial testimony.  Several witnesses testified that it was running between twenty and twenty-five miles an hour.  According to all of the testimony the train approached this crossing at a greater rate of speed than eight miles an hour, except the engineer who testified that he was running between six and ten miles an hour; the fireman put it at between eight and twelve miles an hour.  The engineer in charge of the train testified that he saw the team, heard it walking on the board crossing "making lots of noise" and that it started in a trot across said track five.  He says at that time his engine was about thirty feet from the crossing.  He says he saw the driver raise up in the wagon and either jerk or slap the team which "took a dart across the track."  The pilot of the engine struck the team throwing one of them east and the other on the west of track five and hurled the deceased from the wagon.  The train was stopped in about one hundred and fifty feet after it struck the team.  The

only testimony on the amount of noise that was being made by the train was to the effect that it was very little. The engine was equipped with a very strong electric head light. The morning was clear and still and the deceased's sight and hearing were good. He had frequently gone over this crossing before. The plaintiff's petition charges that by reason of defendant's conduct therein alleged that ''she is entitled to receive as a penalty from said defendant for the death of her said husband a sum not less than $2000 and not to exceed $10,000.'' During the progress of the trial deceased's son was placed upon the witness stand and was asked the age of his father at the time of his death, to which the defendant objected as ''not material in this case.'' The witness was then asked the condition of his father's health before the accident, to which the defendant objected ''because it is irrelevant and immaterial in this case.'' Both objections were overruled, the defendant excepted and the witness proceeded without further objections to testify to facts tending to prove the earning capacity of the deceased and the dependance of the plaintiff thereon for support. The witness was cross-examined by defendant on these points. The defendant requested and was refused the following instruction:

''You are instructed that plaintiff has failed to allege any facts in the petition authorizing the recovery of compensatory damages therefore, if your verdict should be for plaintiff it must not exceed the sum of two thousand dollars.''

The contention here is that the court should declare as a matter of law that the deceased was guilty of such contributory negligence as to bar any right of recovery on the part of the plaintiff and that the defendant's instruction, above quoted, should have been given. We have decided that both of these contentions should be ruled against the defendant.

The defendant says that plaintiff should not be permitted to recover because if he had listened he could have heard the train before getting into danger and if he had looked he could, to say at least, have seen the headlight reflections at the west end of the crossing.

In the absence of evidence to the contrary the presumption must prevail in this case that deceased in passing over this crossing was exercising proper care; that he looked and listened where it was his duty to do these things, or either of them. [Weller v. Chicago, Milwaukee & St. Paul R. Co., 164 Mo. 180, 198, 64 S. W. 141; Riska v. Union Depot R. Co., 180 Mo. 168, 188, 79 S. W. 445; Powers v. St. Louis Transit Co., 202 Mo. 280, 100 S. W. 655 and Weigman v. St. Louis, Iron Mountain & Southern Railway, 223 Mo. 699, 718, 123 S. W. 38.]

There is no evidence in this case that justifies a holding by us that the general presumption was so completely overcome as to authorize a demurrer to the testimony. One witness testified that deceased looked both directions when, or soon after, going on the first track. His view of the approaching train was obstructed by the box cars; the street light subdued to a debatable extent the light from the train, which owing to the convexity of the track was not cast parallel with it, except, possibly, when the engine was within a very short distance of the crossing. The train was making very little noise, in fact the engineer's testimony, as above noticed, discloses by his ability to "hear lots of noise" caused by the team walking on the boards, that the train was not likely making sufficient noise for deceased to have heard it or located the track it was on had he listened. This feature of the case brings it directly in line with the *Weigman* case, supra, wherein the only variation is that there the party could not likely hear the approach-

ing train on account of the noise of another engine than the one attached to the colliding train.

Respondent suggests that the duty of deceased to look and listen existed only before he entered upon the east track and that he, it not having been shown that he knew upon what track through trains ran, should not be required to stop and listen between each track, but it is not necessary for us to discuss that question as there is no conclusive proof that he did not discharge the duty to look and listen, or one of these if either would have been effective, if such duty developed upon him along the full length of the crossing.

The defendant is in no position to complain of the refusal of the trial court to give an instruction requested by it and quoted above, for the reason that the issue at which it was aimed was brought into the case by testimony that went to the jury without objection and, therefore, constituted nothing more than a variance which should have been taken advantage of by an affidavit of surprise as contemplated by section 1846, Revised Statutes 1909, if defendant considered that it was not prepared to meet the issue. [Thornton v. American Zinc, Lead & Smelting Co., 178 Mo. App. 38, 42, *et seq.*, 163 S. W. 293.]

The objections made by the defendant, hereinbefore noticed, amount to nothing. They are too general, are mere epithets and indicate no reason for their interposition. [State ex rel. West v. Diemer, 255 Mo. 336, 350.] Besides, we cannot say that the knowledge of the age or condition of the health of the deceased would not have been of some aid to the jury in considering his alleged contributory negligence, and therefore, could not be condemned as wholly irrelevant and immaterial for all purposes.

The judgment is affirmed.

*Farrington, J.,* concurs and files separate opinion.
*Sturgis, J.,* concurs in result and files separate opinion.

## CONCURRING OPINION.

FARRINGTON, J.—I concur in the opinion of ROBERTSON, P. J., but desire to express my views with reference to the question raised by appellant concerning the admissibility of testimony going to the compensatory feature of the verdict.

The petition is based on the statute, section 5425, Revised Statutes 1909. The Supreme Court held in the last Boyd case (Boyd v. Railway Co., 249 Mo. 110, 155 S. W. 13) as I construe the opinion therein (see Harshaw v. Railroad, 173 Mo. App. l. c. 478-485, 159 S. W. l. c. 6-9, and Johnson v. Springfield Traction Co., 178 Mo. App. 445, 163 S. W. 893), that the damages recoverable under this statute are both penal and compensatory. If that is true, I take it that a petition based on that statute would call for both penal and compensatory damages and that under such a pleading testimony would be admissible concerning pecuniary loss. The instruction asked by the plaintiff as to the measure of damages follows the one given in the Boyd case. The defendant asked no instruction on the measure of damages except the one set out in the main opinion and that instruction shows on its face that it is based on the ground that the petition did not authorize a recovery of compensatory damages. In view of the fact that the instruction which was given for the plaintiff permitted the jury to allow two thousand dollars as penalty and fifteen hundred dollars as compensatory damages, and in view of the further fact that no instruction was asked by the defendant limiting the penalty to two thousand dollars, I thing the verdict falls clearly within the law as declared in the opinion in the last Boyd case allowing two thousand dollars

as penalty and any additional amount as compensatory damages. There is evidence in the record of a wrongful killing which would support the verdict to the extent of two thousand dollars and also evidence of pecuniary loss which would support it for any amount over two thousand dollars and not exceeding ten thousand dollars. I concur in the affirmance of the judgment.

## CONCURRING OPINION.

STURGIS, J.—I concur fully on the question of contributory negligence being one for the jury. On the question of damages, the petition, the evidence admitted and the instructions given are in accord with my views of the proper construction of section 5425, Revised Statutes 1909, and are not in conflict with the last Boyd case, 249 Mo. 110, 155 S. W. 13), and no question of waiver by failing to make proper objections to the evidence or failure to ask an instruction to separately estimate the penal and compensatory damages is necessary to a proper decision of this case. Those interested may read my reasons in my concurring opinion filed in the Harshaw case, 173 Mo. App. 468, 159 S. W. 3, and in my dissenting opinion in the Johnson case, 178 Mo. App. 457, 163 S. W. 899.